In the Matter of the Application of Corey Axon Karstetter for a Writ of Habeas Corpus.

Corey Axon KARSTETTER, Petitioner-Appellant,

v.

Harold J. CARDWELL, Warden, Arizona State Prison, Respondent-Appellee.

No. 75–1294.

United States Court of Appeals, Ninth Circuit.

Dec. 3, 1975.

Rehearing and Rehearing In Banc Denied Jan. 28, 1976.

See also, D.C., 399 F.Supp. 1298.

Clark L. Derrick, Flynn, Kimerer, Thinnes, Derrick & Lindholm, Phoenix, Ariz., for petitioner-appellant.

William J. Schafer, III, Atty. of Crim. Div., Phoenix, Ariz., for respondent-appellee.

OPINION

Before KOELSCH and ELY, Circuit Judges, and JAMESON,* District Judge.

KOELSCH, Circuit Judge:

Petitioner Karstetter appeals from the denial of his petition for a writ of habeas corpus. Having considered the State's contentions regarding the timeliness of the appeal, we conclude it is properly before us; we deny the motion to dismiss and turn to the merits.

Petitioner was tried and convicted by an Arizona state court for murder. Prior to trial, petitioner filed a notice of intention to plead not guilty by reason of temporary insanity; the trial judge thereupon ordered him to submit to a psychiatric examination conducted by court-appointed psychiatrists. On advice of counsel, petitioner refused to talk with them on fifth amendment grounds. He did, however, retain his own psychi-

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

atric witnesses and cooperated in their examination of him prior to trial.

At trial, the judge, over the State's objection, allowed testimony from petitioner's experts supporting petitioner's insanity defense, and shifting the burden to the State to prove sanity. Before the State introduced rebuttal evidence, petitioner's counsel moved for an order barring the State from introducing testimony indicating petitioner's refusal to talk to court-appointed psychiatrists, on the ground that such testimony would constitute an impermissible burden on the exercise of the privilege against self-incrimination. *See Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). After some discussion, the court ruled that the prosecutor could ask the State's expert witness: "Were you able to examine the defendant psychiatrically?"—to which the answer was to be simply "no." However, one of the State's witnesses responded: "He refused." And twice in summation the prosecutor alluded to the fact that the court-appointed psychiatrists had attempted to examine petitioner and been unable to do so. The issue before us is whether such testimony constitutes an impermissible sanction on the exercise of the privilege.

 It does not. Under the law of this circuit, once a defendant indicates his intention to invoke the insanity defense and present expert testimony on the issue, he may be ordered to submit to a psychiatric examination by psychiatrists available to testify for the government, and his refusal to talk to the State's psychiatrists may be sanctioned by the court at the least by exclusion of defendant's own experts' testimony on the insanity issue. *United States v. Handy,* 454 F.2d 885, 888–889 (9th Cir. 1971). *See United States v. Wade,* 489 F.2d 258, 259 (9th Cir. 1973); *United States v. Malcolm,* 475 F.2d 420, 425 (9th

Cir. 1973). The necessary predicate of that position is that once the defendant indicates his intention to present expert testimony on the insanity issue, the privilege against self-incrimination does not thereafter protect him from being compelled to talk to the State's expert witnesses, as it necessarily follows that if the refusal may be punished, the refusal is not an exercise of privilege. It therefore also necessarily follows here that the witness's answer indicating that nonprivileged refusal did not constitute a burden on the exercise of the constitutional privilege.[1]

Affirmed.

---

1. An accused may of course present lay testimony supporting his defense of insanity without being compelled to be examined by, or to speak with, lay persons selected by the prosecution.