Rose M. SALAZAR, Appellant,

v.

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, Appellee.

No. 75–2561.

United States Court of Appeals, Ninth Circuit.

July 1, 1976.

Rehearing and Rehearing In Banc Denied Aug. 17, 1976.

Sheldon L. Greene (argued), of Greene, Kelley & Halloran, San Francisco, Cal., for appellant.

James Rosenquist (argued), San Francisco, Cal., for appellee.

## OPINION

Before KILKENNY and TRASK, Circuit Judges, and CARR,* District Judge.

KILKENNY, Circuit Judge:

This is an appeal from an order of the district court denying appellant's motion under Rule 4(a), FRAP, for additional time in which to file a notice of appeal.

## FACTS

There is no material dispute in the facts. Appellant filed a Title VII action against the Bay Area Rapid Transit District (BART) alleging job discrimination on the basis of sex and national origin. On January 24, 1975, after trial, judgment was entered against appellant. On March 4th, the district court permitted appellant's counsel to withdraw as attorney. He later filed an affidavit stating that he had prepared and delivered to appellant for her use a notice of appeal *in propria persona.* Appellant did not file this notice until March 21, 1975—some fifty-six days after entry of the judgment. The *motion* to extend the time for filing the notice of appeal for an additional thirty days was not filed until May 1, 1975, some ninety-seven days after entry of judgment.

Although the district court found that the delay in filing the notice was due to economic hardship and that this was a showing of excusable neglect, it held it had no jurisdiction to proceed under Rule 4(a), FRAP, and on May 19, 1975, denied the appellant's motion for additional time in which to file the notice of appeal.

## ISSUE

Did the district court, having held that there was a showing of excusable neglect, have jurisdiction to grant the motion for an extension of time?

## DISCUSSION

On May 29, 1975, following the entry of the mentioned order, the United States Dis-trict Court for the District of Arizona decided *Karstetter v. Cardwell,* 399 F.Supp. 1298. On facts almost identical to those before us, it entertained jurisdiction to enter a *nunc pro tunc* order approving the late filing of a notice of appeal, even though the motion to permit the filing was not itself filed until after the expiration of the sixty day period mentioned in Rule 4, FRAP. On appeal to this court in *Karstetter v. Cardwell,* 526 F.2d 1144 (9 Cir. 1975), we disposed of the jurisdictional issue as follows: "Having considered the State's contentions regarding the timeliness of the appeal, we conclude it is properly before us; we deny the motion to dismiss and turn to the merits." *Id.* at 1144. Strange as it may seem, this language, bearing no meaning of its own, has, without fanfare, declared the law of the circuit. The *Karstetter* court could not have spoken on the merits, as it did, without first holding that the district court had jurisdiction under the order permitting the late filing of the notice of appeal.

For a variety of reasons, a number of other circuits would seem to support the *Karstetter* approach. *See, Stirling v. Chemical Bank,* 511 F.2d 1030, 1032 (CA2 1975); *Alley v. Dodge Hotel,* 163 U.S.App. D.C. 320, 501 F.2d 880, 886 (1974); *Cramer v. Wise,* 494 F.2d 1185, 1186 (CA5 1974); *Torockio v. Chamberlain Mfg. Co.,* 456 F.2d 1084, 1086–1087 (CA3 1972); *Reed v. People of the State of Michigan,* 398 F.2d 800, 801 (CA6 1968). At least two circuits have left the question open on similar facts. *See, Brainerd v. Beal,* 498 F.2d 901, 903, n. 3 (CA7 1974); *Pasquale v. Finch,* 418 F.2d 627, 629, n. 1 (CA1 1969). Supporting the opposite view that there is no jurisdiction is *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach,* 525 F.2d 1179, 1183 (CA8 1975).

With great reluctance we bow to the hidden result in *Karstetter* and withdraw our opinion dated April 22, 1976. We hold that the district court had jurisdiction to allow the motion.

---

* The Honorable Charles H. Carr, Senior United States District Judge for the Central District of California, sitting by designation.

Judge Carr, a member of the division, became ill just prior to argument and died March 13, 1976.

The judgment of the district court is vacated and the cause is remanded for further proceedings.

IT IS SO ORDERED.