**Andrew W. PETTIBONE, Petitioner-Appellant,**

v.

**Hoyt C. CUPP, Warden of Oregon State Penitentiary, and James A. Redden, Attorney General of the State of Oregon, Respondents-Appellees.**

No. 81–3103.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 1981.

Decided Dec. 7, 1981.

Phillip Margolin, Portland, Or., for petitioner-appellant.

Richard David Wasserman, Salem, Or., for respondents-appellees.

Before BROWNING, Chief Judge, and CHAMBERS and GOODWIN, Circuit Judges.

CHAMBERS, Circuit Judge:

Appellant is a prisoner at the Oregon state prison at Salem, Oregon. He seeks to appeal the dismissal by the district court of his application for a writ of habeas corpus. We do not reach the merits of his appeal as we hold that we have no appellate jurisdiction.

The judgment dismissing appellant's petition was filed and entered on January 5, 1981. The judgment meets the requirements of Rule 58 F.R.Civ.P., and the record indicates that there was no irregularity in serving the judgment on the parties, as required by Rule 77(d), F.R.Civ.P. On Friday, February 6, 1981, the district court received several documents from the appellant. They included a notice of appeal, a motion to proceed in forma pauperis and the supporting Criminal Justice Act affidavit of poverty, a motion for appointment of counsel, and a petition for a certificate of probable cause. Each of the documents was dated February 4, 1981. The district court granted the certificate of probable cause, an attorney was subsequently appointed, and the appeal proceeded in forma pauperis.

A habeas corpus action is considered a "civil" matter and thus subject to the time requirements set down in Rule 4(a), F.R.A.P. In a civil appeal not involving the United States government, the notice of appeal must be filed within 30 days of the date of entry of judgment, in this case by Wednesday, February 4, 1981. The 30-day time limit of Rule 4(a) is mandatory and jurisdictional. *Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978).

Rule 4(a)(5) provides for extensions of time in certain circumstances:

"The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed in this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be

given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of the entry of the order granting the motion, whichever occurs later."

This language was adopted in 1979. Prior to the 1979 amendments, the pertinent portion of Rule 4(a) stated that:

"Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate."

■ In this case there was no motion for extension of time by the appellant. The untimeliness of the notice of appeal was apparently not detected either by the district court or the parties; there is no discussion of the issue in the parties' brief. In times past, and under the less specific language of Rule 4(a) prior to the 1979 amendment, this court took the view that a notice of appeal filed within the 30-day grace period of Rule 4(a)(5) might be ordered "filed" pursuant to a motion for extension of time, even when that motion was made after the expiration of the grace period. *Salazar .v. San Francisco Bay Area Rapid Transit Dist.*, 538 F.2d 269 (9th Cir. 1976); *Karstetter v. Cardwell*, 526 F.2d 1144 (9th Cir. 1975), *aff'g* 399 F.Supp. 1298.

We are bound by the language of the 1979 amendment and its clear requirement of "a motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." We believe this language means what it says. Indeed, the Notes of the Advisory Committee on Appellate Rules state that the amendment was intended to require a formal motion, as opposed to the less formal procedure under the Rule prior to amendment. We recognize that we are dealing here with a prisoner who was proceeding in propria persona during the times in question. But the wording of the Rule, as amended, expressly requires the filing of a motion for extension of time and it expressly requires that the motion be filed no later than the expiration of the 30-day grace period. No motion was filed and the grace period long since expired. The language of the amended Rule also precludes us from remanding (as we often did before the amendment) on the theory that the untimely notice of appeal *itself* might be considered by the district judge as a motion for extension of time.

We note that other circuits have felt obliged to take a similar strict view of the language of the 1979 amendment and have dismissed appeals under circumstances similar to those here. *Mayfield v. United States Parole Commission*, 647 F.2d 1053 (10th Cir. 1981); *Bond v. Western Auto Supply Co.*, 654 F.2d 302 (5th Cir. 1981).

Sua sponte this court extends to 56 days the time for filing a petition for a rehearing of this decision, the time to commence with the date of the filing of this opinion.

Appeal dismissed.