**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Daniel Patrick COLLINS,
Defendant–Appellant.**

**No. 86SA212.**

Supreme Court of Colorado,
En Banc.

March 28, 1988.
Rehearing Denied April 18, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Thomas C. Donovan, Daniel B. Mohler, Colorado Springs, for defendant-appellant.

LOHR, Justice.

The defendant, Daniel Patrick Collins, was tried by a jury and found guilty of the felony offenses of second-degree kidnapping, first-degree assault, and second-degree assault. Each of the first two crimes was also determined to be a crime of violence. At trial, the defendant raised the affirmative defense of impaired mental condition to each of the substantive charges. He now appeals his convictions, asserting that section 18–1–803(3), 8B C.R.S. (1986), which specifies the procedure for submitting the defense of impaired mental condition to the jury, violates due process of law in that it does not require that the jury consider the defense of impaired mental condition separately with respect to each substantive offense. We hold that the statute does not prohibit the jury from consid-

ering the affirmative defense of impaired mental condition individually with respect to each charge and that the instructions in this case properly required such individual consideration. Therefore, we reject the defendant's challenge to the constitutional sufficiency of section 18–1–803(3) and to the manner in which it was applied in this case, and we affirm the convictions.

## I.

Collins was charged with attempted second-degree murder, second-degree kidnapping, and four counts of first-degree assault, all based on a series of events that took place in Colorado Springs on November 20, 1984. Each of these offenses was alleged to be a crime of violence.[1] Collins entered pleas of not guilty, and raised the affirmative defense of impaired mental condition to each substantive count in accordance with the procedures set out in section 16–8–103.5, 8A C.R.S. (1986). Pursuant to section 18–1–803(1), evidence of an impaired mental condition may be offered "as bearing upon the capacity of the accused to form the culpable mental state which is an element of the offense charged." The impaired mental condition defense was based on the fact that Collins has epilepsy. He was on medication that generally stabilized the condition but he sometimes experienced seizures, often during periods of stress. Defense counsel raised the possibility that Collins had been experiencing a seizure or a post-seizure recovery state during the incidents on November 20, 1984, and that his condition prevented him from forming the requisite mental state for some or all of the crimes charged.

A jury trial commenced in El Paso County District Court on April 8, 1986.[2] The evidence concerning the events in question was essentially uncontradicted. The defendant's wife had moved out of their home in October 1984 with their two children.[3] Collins learned that his wife was taking their children to the health department in Colorado Springs on November 20, 1984, so that one child could get shots required for school. Collins met them in the health department parking lot. He was carrying a pistol, and after a short conversation with his wife, he forced her into the car he was driving. His wife's sister, who was also present at the scene, called the police, and an officer who had received a report of the incident on his radio saw Collins driving toward him. The officer parked his car in the street in an attempt to stop the defendant, but Collins accelerated, hit the open door of the police car behind which the officer was standing, and kept going. Collins then led the police through the streets of Colorado Springs in a high speed chase that ended when he turned into a dead end parking lot and was rammed by one police car and prevented from traveling farther by two others. His wife ran from the car while the defendant waved his pistol at the police officers. During a time when the defendant was pointing his pistol in the direction of two of the officers, a third officer fired, hitting Collins behind the left ear and wounding him. This brought the episode to a conclusion.

The defense introduced the testimony of a neurologist and a psychiatrist relating to Collins' medical condition and the possibility that Collins had experienced an epileptic seizure immediately preceding or during the kidnapping incident. The defendant also testified, stating that he had no memory of the events of November 20, 1984. The prosecution introduced the testimony of a psychiatrist who had been appointed

---

1. See §§ 18–2–101, 18–3–103, 8B C.R.S. (1986) (attempted second-degree murder); § 18–3–302, 8B C.R.S. (1986) (second-degree kidnapping); § 18–3–202, 8B C.R.S. (1986) (first-degree assault); § 16–11–309, 8A C.R.S. (1986) (crime of violence).

2. A trial to the court was begun in November 1985, but a mistrial was declared when the defendant suffered an epileptic seizure while testifying on direct examination, and the case was rescheduled. Collins also suffered a seizure

during the rescheduled trial that is the subject of this appeal, but the seizure took place in a hallway of the courthouse while court was not in session and occurred out of the presence of the jurors. The jurors were informed of the incident.

3. After the events at issue in this case and prior to trial, the defendant and his wife obtained a decree of dissolution of their marriage.

by the court to evaluate Collins pursuant to section 16–8–103.5(4), 8A C.R.S. (1986), at the time he first asserted the defense. The evidence presented questions of fact for the jury as to whether the defendant had suffered from an impaired mental condition during all or part of the time that the events at issue were transpiring.

The court gave the jury an individual instruction on each of the substantive crimes with which the defendant was charged, detailing the elements of that crime. For each such offense, the jury was told that one of the elements the prosecution was required to prove was the absence of the affirmative defense of impaired mental condition. Instruction no. 20 also specified that "[t]he Defendant has raised the affirmative defense of Impaired Mental Condition and asserts that on the day in question he was not capable of forming the necessary mental intent to commit the crimes charged."

Instruction no. 21 more fully explained the affirmative defense:

The prosecution has the burden of proving the guilt of the Defendant to your satisfaction beyond a reasonable doubt as to the affirmative defense, as well as to all the elements of the crime charged.

After considering the evidence concerning the affirmative defense, with all the other evidence in this case, if you are not convinced beyond a reasonable doubt of the Defendant's guilt, you must return a verdict of not guilty, you may have to answer the special interrogatory on the verdict form indicating whether your verdict of not guilty was solely because of the affirmative defense or not.[sic] Please read the instructions on the interrogatory.

It is an affirmative defense to the crimes of Attempted Murder in the Second Degree, Second Degree Kidnapping, and Assault in the First and Second Degree that the Defendant, due to an impaired mental condition, did not have the capacity to form the intent required by the offense.

The instruction went on to define "impaired mental condition," using the language found in section 16–8–102, 8A C.R.S. (1986):

"IMPAIRED MENTAL CONDITION" means a condition of mind, caused by mental disease of [sic; "or" in statute] defect, which does not constitute insanity but, nevertheless, prevents the person from forming a culpable mental state which is an essential element of a crime charged.

"MENTAL DISEASE OR DEFECT" includes only those severely abnormal mental conditions which grossly and demonstrably impair a person's perception or understanding of reality and which are not attributable to the voluntary ingestion of alcohol or any other psychoactive substance; except that it does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.

The jury was also provided with a "Special Interrogatory Re: Impaired Mental Condition" which was presented to the jury along with the written instructions and verdict forms and was placed after all the other instructions and verdict forms. This interrogatory stated:

If you have found the Defendant NOT GUILTY on all Counts, you must answer the following question (do not answer if you have found the defendant Guilty of one or more Counts).

We found the Defendant Not Guilty of the following Count(s) *solely* because he suffered from an impaired mental condition which prevented him from forming the required culpable mental state. . . .

(Emphasis in original.) The charges were then individually listed with spaces following each to permit the jury to check "Yes" or "No." Defense counsel objected to the language of the interrogatory and also argued that the deliberation process should be bifurcated, so that the special interrogatory would be presented to the jury only after it had returned a verdict of guilty or not guilty for each charge. The basis of his objections was that the instructions given and the procedure followed did not require the jury to consider the defense of

impaired mental condition separately with respect to each substantive offense charged. The trial court rejected these arguments, relying on the language of section 18–1–803(3) to support the procedure followed, and submitted the case to the jury.

During its deliberations, the jury presented four written questions to the court. None related to the affirmative defense of impaired mental condition.[4] The jury ultimately acquitted the defendant of the charges of attempted second-degree murder and two counts of first-degree assault, and found him guilty of the felonies of second-degree kidnapping (based on the abduction of his wife), second-degree assault (based on running into the police car),[5] first-degree assault (based on pointing a pistol at one of the officers while in the parking lot), and two charges of crime of violence.[6] The jury did not sign or otherwise answer the special interrogatory. Collins was sentenced to the department of corrections for nine years for the kidnapping conviction, nine years for the first-degree assault conviction, and four years for the second-degree assault conviction, all terms to be served consecutively.[7] He then filed a motion for new trial, alleging that section 18–1–803(3) is unconstitutional on its face and as applied in this case. That motion was denied and this appeal followed.[8]

II.

The defendant asserts that section 18–1–803(3) and the special interrogatory given pursuant thereto in this case prevented the jury from considering the affirmative defense of impaired mental condition as to each individual substantive charge. He also argues that by submitting the special interrogatory together with the instructions and verdict forms instead of bifurcating the proceeding and presenting the special interrogatory only after the jury had resolved the issues of guilt, the court further contributed to the impression that impaired mental condition is not to be considered as to each individual charge. These deficiencies, the defendant contends, violated his federal constitutional right to due process of law.[9] It is Collins' position that the statute is unconstitutional both on its face and as applied in this case. We are unpersuaded by his arguments.

■ Section 18–1–803(3) is the source of the procedures followed by the court in submitting the defense of impaired mental condition to the jury. That statute provides:

(3) When the affirmative defense of impaired mental condition has been raised, the jury will be given special verdict forms containing interrogatories. The trier of fact shall decide first the question of guilt as to felony charges which are before the court. If the trier of fact concludes that guilt has been

4. The first inquiry concerned whether the jury needed to be unanimous on a not guilty verdict. The second question was whether it would be possible to consider a lesser offense on the second-degree kidnapping charge. The third and fourth inquiries asked for a definition or explanation of "during the commission" in relation to the kidnapping charge. No issue is presented concerning the appropriateness of the trial court's responses to these questions.

5. See § 18–3–203, 8B C.R.S. (1986). Second-degree assault was a lesser-included offense based on an original charge of first-degree assault.

6. The jury failed to resolve the third charge of crime of violence, which was associated with the second-degree assault charge, and the trial court did not resubmit that issue to the jury for further deliberations.

7. While his case was pending before this court, the defendant filed a motion for limited remand to the trial court for reconsideration of the sentence. On remand, the trial court ordered that all sentences be served concurrently instead of consecutively.

8. This court has jurisdiction over the appeal because the constitutionality of a statute is in question. See § 13–4–102(1)(b), 6A C.R.S. (1987).

9. The defendant asserts in his brief that his "Fifth, Sixth, and Fourteenth Amendment rights of due process of law and to a fair trial" were violated. As we read the text of his brief, however, the gravamen of his argument is that his federal constitutional right to due process of law under the fifth and fourteenth amendments to the United States Constitution was violated.

proven beyond a reasonable doubt as to one or more of the felony charges submitted for consideration, the special interrogatories shall not be answered. Upon completion of its deliberations on the felony charges as previously set forth in this subsection (3), the trier of fact shall consider any other charges before the court in a similar manner; except that it shall not answer the special interrogatories regarding such charges if it has previously found guilt beyond a reasonable doubt with respect to one or more felony charges. The interrogatories shall provide for specific findings of the jury with respect to the affirmative defense of impaired mental condition in accordance with the Colorado rules of criminal procedure. When the court sits as the trier of fact, it shall enter appropriate specific findings with respect to the affirmative defense of impaired mental condition. If the trier of fact finds that the defendant is not guilty by reason of the affirmative defense of impaired mental condition, the court shall commit the defendant to the department of institutions pursuant to section 16–8–103.5(5), C.R.S.

The defendant's view of the statute misapprehends the intent of section 18–1–803(3) and the purpose of the special interrogatory. The legislature chose to allow an affirmative defense of impaired mental condition, and determined that defendants found not guilty of all felonies charged solely by reason of impaired mental condition should be committed to the department of institutions for care and psychiatric treatment for their own protection and that of the public. Under section 18–1–803(3), if a defendant is acquitted on all felony counts, the jury must answer a special interrogatory as to each felony charge,[10] stating whether the acquittal was based on the defendant's affirmative defense of impaired mental condition. In such a case the purpose of the special interrogatory is to enable the court to determine whether the acquitted defendant should be released outright—because each acquittal was based on some reason other than impaired mental condition—or should be committed to the department of institutions for treatment—because impaired mental condition was the sole reason for an acquittal—until such time as he is found eligible for release. *See* §§ 16–8–103.5; 16–8–115, 16–8–120, 8A C.R.S. (1986).

The language of the statute makes clear that the legislature also determined that if the defendant is found guilty of any felony charge, he is to be sentenced by the trial judge rather than committed to the department of institutions. The legislature left the trial court with the discretion to determine the sentencing option that would best serve the defendant's needs. Section 18–1–803(3) does not prevent the jury from finding the defendant guilty on certain charges and not guilty by reason of impaired mental condition on other charges. Instead, a finding of guilt as to one or more felony counts renders the interrogatories irrelevant. Once the jury has found the defendant guilty of a felony, the reasons that the defendant was found not guilty of other charges are no longer important. In such a case, the jury has necessarily rejected the defense of impaired mental condition as to the count on which the defendant was found guilty, and the defendant is therefore subject to incarceration under the authority of the department of corrections.

■ The instructions and special interrogatory did not prevent the jury from considering Collins' affirmative defense of impaired mental state as a defense to each substantive count with which he was charged. In the elemental instruction for each such charge, the jury was properly instructed that the prosecution was required to prove beyond a reasonable doubt the absence of the affirmative defense of impaired mental condition. Instruction no. 20 reiterated Collins' affirmative defense and Instruction no. 21 defined the terms of

**10.** We do not address the procedure to be followed pursuant to the statute when charges other than or in addition to felony charges are involved and the defendant is acquitted of all the felony charges. In the present case all the charges and lesser included offenses are felonies.

that defense. The instructions also made clear that the special interrogatory was to be considered only after the determination concerning guilt had been made as to each charge. We do not construe the statutory language to require bifurcation of the deliberation process so that the special interrogatory is presented to the jury only after it arrives at verdicts on the criminal charges, nor is such a procedure necessary to avoid confusion of the jury. The jury's return of the special interrogatory unanswered was in compliance with the court's instructions in this case. We perceive nothing in the record to suggest that the defendant was prejudiced in any way by the procedure followed or the instructions, verdict forms, or special interrogatory submitted to guide the jury's deliberations and decisions.

We hold that section 18-1-803(3) does not violate due process of law either on its face or as applied in this case. The jury was properly instructed, and the verdicts of guilty returned by the jury on three substantive felony counts demonstrate that the jury rejected the defense of impaired mental condition as to each of these counts. Accordingly, we affirm the judgment of conviction entered by the district court.