Elwood L. MOORE, Appellant,

v.

Michael F. HOGAN, Debtor, Appellee.

No. 87–5441MN.

United States Court of Appeals,
Eighth Circuit.

Submitted June 16, 1988.

Decided July 20, 1988.

John F. Bonner, III, Minneapolis, Minn., for appellant.

Michael F. Hogan, St. Michael, Minn., pro se.

Before LAY, Chief Judge, BROWN *,
Senior Circuit Judge, and BEAM,
Circuit Judge.

### PER CURIAM.

The bankruptcy court entered judgment for Hogan, the debtor, on December 23, 1986, which was received by Moore's counsel on the following day. Moore's counsel failed to file notice of appeal [1] within the ten-day period provided in Bankruptcy Rule 8002(a).[2] That ten-day period expired on January 2, 1987. Subsequently, on January 23, 1987, counsel filed a motion to extend the time for appeal under Bankruptcy Rule 8002(c).[3] The bankruptcy court denied the motion as untimely, because it was filed more than 20 days after the expiration of the ten-day period for filing a notice of appeal—i.e., more than 20 days after January 2, 1987. The District Court affirmed. Moore appeals, contending that (i) the District Court erred in concluding that the motion to extend the time for appeal was not timely filed, and (ii) the circumstances which prevented Moore's counsel from filing the motion to extend the time for filing a notice of appeal before the expiration of the initial ten-day period for filing a notice of appeal (Rule 8002(a)) constitute "excusable neglect" under Bankruptcy Rule 8002(c).

The District Court correctly concluded that the motion to extend the time for appeal was not timely filed. Bankruptcy Rule 9006(a) [4] provides that in computing a

---

* The Honorable John R. Brown, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. Counsel states that he missed the deadline because (i) he was unable to contact his clients over the Christmas holidays, (ii) he was short-handed due to the departure of an associate on December 1, 1986, (iii) he was working 12– to 16–hour days in preparation for a trial in mid-January 1987, and (iv) he was unaware of the appeal period.

2. Bankruptcy Rule 8002. Time for Filing Notice of Appeal.
   (a) Ten–Day Period.
   The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires. If a notice of appeal is mistakenly filed with the district court or the bankruptcy appellate panel, the clerk of the district court or the clerk of the bankruptcy appellate panel shall note thereon the date on which it was received and transmit it to the clerk and it shall be deemed filed with the clerk on the date so noted.

3. Bankruptcy Rule 8002. Time for Filing Notice of Appeal.
   .    .    .    .    .
   (c) Extension of Time for Appeal.
   The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that *a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect* if the judgment or order appealed from does not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the Code.
   (emphasis added).

4. Bankruptcy Rule 9006. Time.
   (a) Computation.
   In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, *the day of the act, event or default from which the designated period of time begins to run shall not be included.* The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 5001(c), 'legal holiday' includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the court is held.
   (emphasis added). *See* n. 5, *infra.*

period of time, the day of the event causing the period of time to begin to run shall not be included in the computation. The first day of the ten-day period for notice of appeal was therefore the day after entry of judgment, namely December 24, 1986. The last day of that ten-day period was January 2, 1987.[5] As simple as the rule itself, the result is simple. January 2, 1987 was the last day of the ten-day period for filing notice of appeal prescribed in Rule 8002(a). January 2 is the day of the default from which the twenty-day time period of Rule 8002(c) began to run—*not* January 3, 1987, as in Moore's erroneous calculation of time. Rule 9006(a) excludes January 2, 1987 from the twenty-day period provided for in Rule 8002(c). Accordingly, the first day of the twenty-day time period was January 3, and the last day was Thursday, January 22, 1987. The motion to extend had to be filed on or before January 22. Having filed it on January 23, Moore missed the magic time by one day. The motion for extension of time filed on January 23 was therefore untimely. The Rule permits only one period of time in which to seek an extension. It does not permit a second such period. This default simultaneously makes the question of excusable neglect irrelevant and we neither express nor intimate any opinion about it.

AFFIRMED.

---

5. At the time this case arose, Rule 9006 further provided "[w]hen the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." The amendment which changed "seven days" to "eleven days" did not become effective until August 1, 1987.