In re Oscar J. MARTINEZ, Debtor.

Oscar J. MARTINEZ,
Plaintiff/Appellant,

v.

PEELLE FINANCIAL CORPORATION, a California corporation, Anita S. Duarte, Edward E. Duarte, Richard A. Galli, Jay Morgan, Defendants/Appellees.

BAP No. NC–87–1557–PMoMe.
Bankruptcy No. 582–03887M.
Adv. No. 83–0253.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 18, 1989.

Decided April 5, 1989.

Oscar J. Martinez, Los Gatos, Cal., for plaintiff/appellant.

James L. Stoelker, Mount & Stoelker, San Jose, Cal., for defendants/appellees.

Before PERRIS, MOOREMAN and MEYERS, Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge.

Approximately 36 days after the entry of an order, debtor/appellant, Oscar Martinez ("appellant") filed a motion for an extension of time to file a notice of appeal from that order. Appellant appeals from the bankruptcy court's denial of the motion for an extension. We affirm.

## FACTS

On October 24, 1985, the bankruptcy court entered judgment in an adversary proceeding in appellant's Chapter 11 case which validated an earlier trustee's sale of the debtor's property to defendants/appellees. Appellant filed a timely motion for rehearing. At a January 22, 1987 hearing on the motion, the bankruptcy court took the matter under submission. On February 11, 1987, the bankruptcy court filed an Order after Rehearing that denied the motion for rehearing and reinstated and reaffirmed the judgment. This order was entered on the docket on February 19, 1987. The court served the Order after Rehearing on appellant's former counsel on February 12, 1987,[1] who then served the order on appellant in San Jose, California[2] on February 17, 1987, and in Los Gatos, California on March 9, 1987.

Appellant filed a motion for an extension of time for appeal on March 27, 1987, contending that he did not receive notice of the Order after Rehearing. At the hearing on the motion, the court ruled from the bench that the time to appeal could not be extended because it had expired. Appellant filed a notice of appeal from the denial of his motion on May 6, 1987. On May 15, 1987, the court entered an order denying the motion and finding that there is no excusable neglect or other extraordinary circumstances justifying the requested relief.

## DISCUSSION

The issue in this case is whether the bankruptcy court erred in denying appellant's motion for an extension of time to appeal. A notice of appeal must be filed "within 10 days of the date of the entry of the judgment, order, or decree appealed from." Bankruptcy Rule 8002(a) ("Rule 8002"). Although a motion to extend the time for filing a notice of appeal must be made within the 10 day period, a request

---

**1.** At a hearing on January 22, 1987, the court indicated that the motion to withdraw of appellant's counsel was granted. An order permitting appellant's counsel to withdraw as attorney of record effective January 25, 1987 was entered on February 5, 1987.

**2.** Three different addresses for appellant appear in the record, two of which are in San Jose. The Order after Rehearing was served on appellant at 6044 Cecala Dr. in San Jose on February 17, 1987. Appellant's notice of appeal indicates that his address is 6044 Burnbank Place in San Jose.

made no more than 20 days after the expiration of the 10 day period may be granted upon a showing of excusable neglect. Rule 8002(c). If the court grants the extension motion, the notice of appeal must be filed no later than 30 days after entry of the judgment, order or decree. Rule 8002(c). A motion for an extension filed more than 20 days after the expiration of the 10 day period is untimely without regard to excusable neglect and is properly denied. *Moore v. Hogan*, 851 F.2d 1125 (8th Cir.1988); *see also Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir.1986). Appellant filed the motion at issue more than 20 days after the expiration of the initial 10 day period for filing a notice of appeal and the bankruptcy court properly denied the motion as untimely.

*Salazar v. Bay Area Rapid Transit District*, 538 F.2d 269 (9th Cir.1976), *cert. denied*, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976), cited by appellant, does not compel a different conclusion. *Salazar* reversed the lower court's determination that it could not grant a motion for an extension under Fed.R.App.P. 4(a) ("Rule 4(a)") when the notice of appeal was filed 56 days after the entry of the judgment and a motion for an extension was filed 97 days after the entry of the judgment. In *Salazar*, the notice of appeal was filed within the 60 day maximum period allowed under Rule 4(a) and Rule 4(a) did not, at that time, place a time limit on filing or granting motions for extensions.[3] Therefore, the 97 day delay in filing the motion did not run afoul of the rule in effect. By contrast, Rule 8002 places a clear time limit on requests for an extension. Appellant did not file a notice of appeal or a motion for extension within the 30 day maximum period allowed by Rule 8002.

Because appellant did not request an extension within the time period set forth in Rule 8002(c), the bankruptcy court correctly concluded that it could not grant an extension.[4] To the extent the appellant argues that it failed to receive notice of the entry of the Order after Rehearing, Bankruptcy Rule 9022(a) provides that "lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed." Accordingly, we AFFIRM.

---

**3.** Prior to its amendment, effective August 1, 1979, Rule 4(a) provided in relevant part:

> In a civil case ... the notice of appeal required by Rule 3 shall be filed ... within 30 days of the date of the entry of the judgment or order appealed from ...
>
> \* \* \* \* \* \*
>
> Upon a showing of excusable neglect, the district court may extend the time for filing a notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or

after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

**4.** We note that this is not a case where the "unique circumstances doctrine" could be involved, *see, e.g., United Artists Corp. v. La Cage Aux Folles, Inc.*, 771 F.2d 1265 (9th Cir.1985), and accordingly, the bankruptcy court had no discretion to grant an extension upon a request made after the time limits specified in Rule 8002(c).