961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James G.J. CHENEVERT, Petitioner-Appellant,
v.
Lou A. HESSE, Superintendent of the Colorado Fremont
Correctional Facility, Respondent-Appellee.
 No. 91-1251.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1992.
 
 Before SEYMOUR and STEPHEN H. ANDERSON, Circuit Judges, and SAM,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 On May 9, 1986, Petitioner-appellant James Chenevert was convicted of the first degree murder of his wife. The conviction followed a jury trial in Colorado state court. After exhausting his state remedies, Petitioner filed this habeas corpus action pursuant to 28 U.S.C. § 2254. He alleges the trial court's exclusion of certain psychiatric evidence violated his due process and Fifth Amendment rights. The district court adopted the magistrate's recommendation to deny the petition. We affirm.
 
 
 3
 "It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83 (1983). In particular, state court rulings on the admission of evidence will not be overturned "unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980). Here, Petitioner maintains that the district court's order excluding the testimony of Dr. Dean Plazak violated his constitutional rights.
 
 
 4
 Petitioner offered the testimony of Dr. Plazak to show that "mental impairments precluded ... [his] capacity ... to form the specific intent required for the commission of those crimes ... charged." Appellant's App. at 81-82. In Colorado, impaired mental condition is an affirmative defense which must be specially pled. Colo.Rev.Stat. § 16-8-103.5. Unless good cause is shown, failure to assert the defense at arraignment constitutes waiver. See id. Here, Petitioner never even attempted to raise his alleged mental impairment as an affirmative defense. Consequently, the trial court excluded Dr. Plazak's testimony. Petitioner maintains, however, that the type of mental impairment he has does not fall within the statute, and, therefore, exclusion of the evidence was error.
 
 
 5
 The statute provides,
 
 
 6
 § 18-1-803 Impaired mental condition
 
 
 7
 (1) Evidence of an impaired mental condition, as defined in section 16-8-102(2.7), C.R.S., though not legal insanity may be offered in a proper case as bearing upon the capacity of the accused to form the culpable mental state which is an element of the offense charged.
 
 
 8
 Colo.Rev.Stat. § 18-1-803. Mental impairment is defined as,
 
 
 9
 [A] condition of mind, caused by mental disease or defect, which does not constitute insanity but, nevertheless, prevents the person from forming a culpable mental state which is an essential element of a crime charged. For the purposes of this subsection (2.7), 'mental disease or defect' includes only those severely abnormal mental conditions which grossly and demonstrably impair a person's perception or understanding of reality and which are not attributable to the voluntary ingestion of alcohol or any other psychoactive substance; except that it does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.
 
 
 10
 Colo.Rev.Stat. § 16-8-102(2.7). Petitioner contends his impairment, "paranoid disorder," is not so severe as to come within the definition described above. This fact, he asserts, makes the provision inapplicable.
 
 
 11
 All defendants retain the fundamental right to present witnesses on their behalf. Chambers v. Mississippi, 410 U.S. 284, 302 (1973). In exercising this right, however, a defendant "must comply with established rules of [state] procedure." Id. In Colorado, the general assembly has made an affirmative decision to allow mental impairment evidence only when the defendant complies with certain procedural prerequisites. See People v. Low, 732 P.2d 622, 632 (Colo.1987); see also People v. Collins, 752 P.2d 93, 97 (Colo.1988) ("The legislature chose to allow an affirmative defense of impaired mental condition...."). In this case, Petitioner waived the ability to present this evidence when he failed to comply with those prerequisites.
 
 
 12
 The substantial body of Colorado law interpreting the mental impairment statute supports our conclusion. The statute evolved out of a general recognition that evidence of mental disease short of insanity is relevant in determining whether a defendant has the ability to formulate the requisite intent to commit a crime. Low, 732 P.2d at 630. "The sole effect of the defense ... is to negate the existence of an element of the crime charged." Id. at 631. Petitioner admits Dr. Plazak's testimony was intended specifically to negate the intent element of the murder charge. See Petitioner's Opening Br. at 7-8. Thus, he attempts to do exactly what the statute intended, albeit without complying with procedural prerequisites.
 
 
 13
 The statute specifically states the legislature's intent that the defense not be used to "circumvent the requirements of disclosure specified in rule 16 of the Colorado rules of criminal procedure." Colo.Rev.Stat. § 16-8-103.5(6). It would be totally inconsistent with this intent to allow the "non-use" of the statute to undermine these same disclosure requirements. The state court's actions were not in error. Colorado law simply does not support an argument which would allow the introduction of mental impairment evidence, of any kind, outside the parameters of this statute.
 
 
 14
 Finally, Petitioner maintains his Fifth Amendment rights were abridged because the trial court excluded the psychiatric testimony shortly after Petitioner refused to answer questions posed by the prosecution's psychiatrist. Pursuant to the mental impairment statute, once the defense is raised, the accused must submit to a psychological examination. See Colo.Rev.Stat. § 16-8-103.5(4). Such a requirement does not violate defendant's Fifth Amendment right to remain silent where Defendant has raised the issue of his mental impairment. See United States v. Madrid, 673 F.2d 1114, 1121 (10th Cir.) (citing Karstetter v. Cardwell, 526 F.2d 1144 (9th Cir.1975) (admission of testimony that Defendant refused to talk to court-appointed psychiatrists did not impermissibly infringe self-incrimination privilege)), cert. denied, 459 U.S. 843 (1982). There is nothing in the record to indicate the trial court based its decision to exclude the evidence on Petitioner's assertion of the Fifth Amendment. Consequently, we reject this argument.
 
 
 15
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3