**Toufic NADDI, Petitioner, Appellant, Cross–Appellee,**

v.

**D.R. HILL; Daniel E. Lungren, Attorney General of the State of California, Respondents, Appellees, Cross–Appellants.**

**Nos. 96–55755, 96–55791.**

United States Court of Appeals, Ninth Circuit.

Submitted to Motions Panel Aug. 12, 1996.\*.

Decided Jan. 15, 1997.

---

\* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34–

4 and Fed.R.App.P. 34(a).

Gordon Brownell, St. Helena, California, and Cliff Gardner, Gardner & Derham, San Francisco, California, for petitioner-appellant-cross-appellee.

Pamela A. Ratner, Deputy Attorney General, San Diego, California, for respondents-appellees-cross-appellants.

Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.

Concurrence by Judge RYMER.

## ORDER

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") was enacted into law. On April 26, 1996, the Prison Litigation Reform Act of 1995 (the "PLRA") was enacted into law. Appellant's section 2254 petition was pending in the district court on these dates, and the notice of appeal was filed on May 13, 1996. The district court issued a certificate of appealability under the AEDPA on May 21, 1996, and appellant's in forma pauperis status granted on January 6, 1995, continues in this court, as it has not been revoked by the district court. Fed.R.App.P. 24(a). This court sua sponte appointed counsel to address the following questions raised by application of the AEDPA and the PLRA to this appeal:

(1) whether the certificate of appealability required by the AEDPA may be issued by a district court judge or must be issued by a circuit judge (*compare* 28 U.S.C. § 2253(c)(1) *with* Fed.R.App.P. 22(b)); and (2) whether the forma pauperis provisions of the PLRA are applicable to habeas corpus proceedings (*see* 28 U.S.C. § 1915(b)(1)).

Appellant was convicted of murder in 1985 and is currently serving a life sentence. Appellant filed this petition for writ of habeas corpus in the district court on January 8, 1995, more than one year prior to enactment of the AEDPA and the PLRA. On April 29, 1996, days after the enactment of both Acts, the district court denied the petition as to three of the four claims and granted the petition as to the fourth claim. Appellant's notice of appeal was filed on May 13, 1996. The state filed a cross-appeal on May 23, 1996 from the portion of the judgment that granted relief to appellant.

The district court construed appellant's request for a certificate of probable cause as a request for a certificate of appealability and granted the request as to each of the three claims denied by the district court. The

court expressly considered its authority under the AEDPA to issue such a certificate, and determined that it did have such authority.

It is not necessary for this court to determine in this case whether the district court correctly concluded that it retained authority to issue a certificate of appealability under the AEDPA because this court in *Jeffries v. Wood,* 103 F.3d 827 (9th Cir. 1996), held that chapter 153 of the AEDPA does not apply to cases filed in federal court prior to the Act. *Jeffries,* 103 F.3d at 827.

In addition to directing the parties to address whether the district court had authority to issue a certificate of appealability, we asked the parties to address the applicability of the forma pauperis provisions of the PLRA to habeas corpus proceedings. We hold that the provisions relating to prisoner civil actions and appeals do not apply to habeas proceedings.

The PLRA, enacted on April 26, 1996, amends 28 U.S.C. § 1915 to require prisoners bringing civil actions or appeals in civil actions to pay the full filing fees, even if they are permitted to proceed in forma pauperis. Because habeas corpus proceedings are considered to be civil proceedings for some purposes, this court must determine whether this requirement applies to habeas proceedings. *See United States v. Morgan,* 346 U.S. 502, 506, 74 S.Ct. 247, 250, 98 L.Ed. 248 (1954) (unlike the writ of coram nobis, which is the continuation of a criminal proceeding, habeas corpus is the initiation of a separate civil proceeding); *Pettibone v. Cupp,* 666 F.2d 333, 334 (9th Cir.1981) (civil time limits for filing appeal apply to habeas corpus proceedings). *But see Brown v. Vasquez,* 952 F.2d 1164, 1169 (9th Cir.1991) (although civil in nature, habeas corpus is "dramatically different from any other type of civil action"); *Boudin v. Thomas,* 732 F.2d 1107, 1111–15 (2d Cir.1984) (habeas corpus is not a civil proceeding for purposes of attorneys fees under EAJA).

Both parties are in agreement that the PLRA's revised forma pauperis provisions relating to prisoners do not apply to habeas proceedings. At least three other Circuit Courts have reached the same conclusion. *See Santana v. U.S.,* 98 F.3d 752 (3d Cir. 1996); *Martin v. U.S.,* 96 F.3d 853 (7th Cir.1996); *Reyes v. Keane,* 90 F.3d 676 (2d Cir.1996). We agree.

A review of the language and intent of the PLRA reveals that Congress was focused on prisoner civil rights and conditions cases, and did not intend to include habeas proceedings in the scope of the Act, especially in light of the major revisions to habeas corpus law contained in the AEDPA, enacted just two days before the PLRA.

The term "civil action or appeal" used in section 1915, for example, does not include habeas proceedings in other sections of the PLRA, and thus indicates that it was not intended to include such proceedings in that section. Section 1915(g) prevents prisoners from filing civil actions or appeals where at least three prior such actions have been dismissed as frivolous or for failure to state a claim, unless the plaintiff can demonstrate that he or she is under imminent danger of serious bodily injury. Such a demonstration is clearly not required in habeas proceedings. *See also* 42 U.S.C. § 1997e(e) (imposing on civil actions a requirement of a prior showing of physical injury to maintain claim for mental or emotional injury).

In addition, as the parties point out, Congress was concerned with civil rights and prison conditions cases when it debated and adopted the PLRA. *See e.g.,* 141 Cong.Rec. S7523–27 (daily ed. May 25, 1995) (statement of Senator Dole). Congress was clearly not concerned with habeas corpus proceedings when they enacted the PLRA, as is further evidenced by the absence of any reference to the PLRA or the forma pauperis revisions in the AEDPA enacted only two days earlier. We therefore hold that the forma pauperis provisions of the PLRA relating to prisoner civil actions and appeals do not apply to habeas corpus proceedings.

This appeal shall proceed. Appellant's motion for appointment of counsel and other pending procedural issues will be addressed in a separate order.

RYMER, Circuit Judge, concurring:

I concur because I feel constrained to do so by *Jeffries,* as I understand what it will hold.