USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1890 JOSE ENRIQUE COLON-SANTANA, Appellant, v. JULIO MARTINEZ-MALAVE, ET AL., Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Salvador E. Casellas, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Jose Enrique Colon Santana on brief pro se. __________________________ Carlos E. Aquilar Perez and Woods & Woods on brief for appellees. _______________________ _____________ ____________________ August 22, 1997 ____________________ Per Curiam. Jose Enrique Colon-Santana appeals from the __________ district court's dismissal of his appeal from a bankruptcy court order imposing costs and attorneys' fees on Colon and his client. The district court dismissed the appeal and affirmed the bankruptcy court's denial of appellant's Motion for Reconsideration of the Judgment ("the Motion") on the ground that the notice of appeal had been untimely filed. Appellant concedes that the notice of appeal from the district court order awarding costs and attorneys' fees ("the Judgment") was untimely filed under Bankruptcy Rule 8001. That Rule requires an appeal to be filed within 10 days of the judgment appealed from. The Judgment was entered on April 2, 1993. The Notice of Appeal was filed on September 21, 1993. "Untimely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order." In re Abdallah, 778 F.2d 75, 77 (1st Cir. 1985). ______________ In an effort to overcome this formidable obstacle, appellant argues that the bankruptcy court abused its discretion in not granting the Motion. He contends that his failure to file a timely notice of appeal should have been excused because the court clerk had mailed notice of entry of the Judgment to the wrong address and appellant had not received it until after the appeal period had expired.1 1  ____________________ 1 The appeal to the district court was timely with 1 respect to the bankruptcy court's order denying the Motion, which order was entered on September 13, 1993. -2- 1. Bankruptcy Rule 8002(c) _______________________ Even if, as appellant suggests, we construe the Motion as a request for an extension of time to appeal, pursuant to Bankruptcy Rule 8002(c), the request was untimely. "The wording of Rule 8002(c) makes it clear that once 30 days have expired from the entry of the order without some notice of appeal having been filed (either before or following the expiration of the ten-day period), no appeal may ever be taken, even upon a showing of excusable neglect." 10 Lawrence P. King, Collier on Bankruptcy 8002.09 (15th ed. _____________________ rev. 1997); see, e.g., In re Martinez, 97 B.R. 578, 580 ___ ____ ________________ (B.A.P. 9th Cir. 1989), aff'd, 919 F.2d 145 (9th Cir. 1990). Neither the Motion nor the Notice of Appeal were filed within 30 days of the entry of the Judgment. Therefore, Rule 8002(c) did not authorize the extension of the appeal period in this case, even if Colon had demonstrated "excusable neglect." 2. Fed. R. Civ. P. Rule 60(b) __________________________ In the alternative, appellant seems to argue that the Motion should have been construed as made pursuant to Fed. R. Civ. P. 60(b), which has been used in some instances to revive lost rights of appeal. See Scola v. Boat Frances, R., ___ _____ _________________ Inc., 618 F.2d 147, 152 (1st Cir. 1980). Rule 60(b), made ____ applicable to bankruptcy cases by Bankruptcy Rule 9024, permits a motion for relief from a judgment or order to be -3- filed "within a reasonable time" after judgment enters. We assume for the purposes of this appeal that the Motion was pursuant to Rule 60(b) and that it was filed "within a reasonable time." Appellant's reliance on Rule 60(b) is misplaced, however, where lack of notice is the reason for the untimelines of the appeal. Bankruptcy Rule 9022(a), like Fed. R. Civ. P. 77(d), provides that, although the clerk is to provide notice of entry of judgment to the parties, "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Rule 9022(a). "The courts have unanimously agreed, a mere lack of Rule 77(d) notice does not justify Rule 60(b) relief." 12 Moore's _______ Federal Practice, 60.48[6][c] (3d ed. 1997). "[P]arties to _________________ an ongoing case have an independent obligation to monitor all developments in the case and cannot rely on the clerk's office to do their homework for them." Witty v. Dukakis, 3 _____ _______ F.3d 517, 520 (1st Cir. 1993). Therefore, even if we assume (without deciding) that appellant did not receive notice of entry of the Judgment within the appeal period, that fact alone would not justify Rule 60(b) relief. Appellant has not alleged that he diligently monitored the bankruptcy court docket to determine if there had been a ruling on appellees' -4- Motion Requesting Ruling on Sanctions, which was filed only four months before the Judgment was entered. The bankruptcy court did not abuse its broad discretion in denying the Motion. See Witty, 3 F.3d at 521. ___ _____ The district court's Opinion and Order dated June 4, 1996, is affirmed. See Loc. R. 27.1. ________ ___ -5-