**Falao TOALEPAI, Petitioner– Appellant,**

v.

**George GALAZA, Warden, Respondent–Appellee.**

**No. 00–55856.**

**D.C. No. CV–99–03036–SVW–SH.**

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Submitted May 13, 2002 *.

Decided May 24, 2002.

Before FERNANDEZ, THOMAS and WARDLAW, Circuit Judges.

MEMORANDUM **

California state prisoner Falao Toalepai appeals the district court's dismissal of his 28 U.S.C. § 2254 motion as untimely. Toalepai seeks to challenge his jury trial conviction for one count of first degree murder with a deadly weapon in violation of Cal. Pen.Code §§ 187 and 12022(b). We do not reach the merits of Toalepai's appeal because we hold that we lack appellate jurisdiction.

A timely filed notice of appeal is both mandatory and jurisdictional. *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). Although ignored by the parties, we are "required to consider the timeliness of the appeal." *Rodgers v. Watt,* 722 F.2d 456, 457 (9th Cir.1983); *see also Pettibone v. Cupp,* 666 F.2d 333, 335 (9th Cir.1981) (holding that a district court may not construe an untimely notice of appeal as a motion for extension of time).

On February 16, 2000, the district court entered judgment dismissing Toalepai's habeas petition. Applying the prison mailbox rule articulated in *Houston v. Lack,* 487 U.S. 266, 275–76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), we determine that Toalepai filed his notice of appeal on April 15, 2000. Accordingly, Toalepai's petition filed more than 30 days from the entry of

judgment fails to confer appellate jurisdiction upon this Court. *See* Fed. R.App. P. 4(a)(1) (notice of appeal from a district court's judgment in a civil case must be filed within thirty days of the date of judgment); *see also Malone v. Avenenti,* 850 F.2d 569, 571 (9th Cir.1988) (holding that an appeal from a denial of a habeas petition is considered a "civil" matter and is therefore subject to the time limitations in Fed. R.App. P. 4(a)).

DISMISSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

