**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-30007 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00161-WFN-1 |
| v. | |
| CRAIG ALLEN MORGENSTERN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted November 8, 2021[**]

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Craig Allen Morgenstern appeals pro se from the district court's order

denying his "Request for Injunction."  We dismiss the appeal as untimely.

Morgenstern's motion sought the return of personal property.  Thus, it was

in effect a motion under Federal Rule of Criminal Procedure 41(g) and subject to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

the 60-day appeal deadline in Federal Rule of Appellate Procedure 4(a)(1)(B). *See United States v. Martinson*, 809 F.2d 1364, 1367 (9th Cir. 1987). The district court denied Morgenstern's motion on October 22, 2020, and his notice of appeal was delivered to prison authorities on January 4, 2021, 74 days after entry of the order. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (notice of appeal by a pro se prisoner is considered filed for purposes of Rule 4(a)(1) when it is delivered to prison authorities for forwarding to the court). Although Morgenstern's notice of appeal requested an extension of time to appeal because of COVID-19 restrictions at his prison, that filing does not constitute a proper motion for an extension of time. *See Malone v. Avenenti*, 850 F.2d 569, 572 (9th Cir. 1988) (Rule 4(a)(5) requires a formal motion for extension of time to appeal); *Pettibone v. Cupp*, 666 F.2d 333, 335 (9th Cir. 1981) (Rule 4(a)(5) expressly requires filing of separate motion for extension of time and language of Rule precludes court from remanding on theory that untimely notice of appeal might be considered motion for extension of time). Therefore, we dismiss this untimely appeal for lack of jurisdiction. *See United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007); *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007) (court lacks authority to create equitable exceptions to jurisdictional requirement of a timely notice of appeal).

Appellee's motion to supplement the record is denied.

**DISMISSED.**

21-30007