# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 01-6081ND

———

In re:                                              *
                                                    *
William S. Brown and Gayle Brown,                   *
                                                    *
        Debtors.                                    *
                                                    *
FarmPro Services, Inc.,                             *
                                                    *
        Plaintiff-Appellee,                         *
                                                    *
                                                    *       Appeal from the United States
        v.                                          *       Bankruptcy Court for the
                                                    *       District of North Dakota.
William S. Brown and Gayle Brown                    *
                                                    *
        Defendants-Appellants.                      *
                                                    *
WSB Trucking,                                       *
                                                    *
        Defendant.                                  *
                                                    *
William S. Brown and Gayle Brown                    *
                                                    *
        Plaintiffs-Appellants,                      *
                                                    *
        v.                                          *
                                                    *
AG Acceptance Corporation,                          *
                                                    *
        Defendant-Appellee.                         *

Submitted: February 7, 2002
Filed: February 15, 2002

Before KOGER, Chief Judge, KRESSEL, and DREHER, Bankruptcy Judges.

KRESSEL, Bankruptcy Judge.

The debtors William S. Brown and Gayle Brown have appealed from judgments entered by the bankruptcy court[1] in two different adversary proceedings.

While none of the parties to these appeals has raised the issue of jurisdiction, we, like every federal court, have the duty to examine our own jurisdiction. *See, e.g., Krein v. Norris*, 250 F.3d 1184, 1187 (8th Cir. 2001). Having conducted such an examination, we conclude that we lack jurisdiction over both appeals, albeit for different reasons.

## BACKGROUND

The debtors filed a bankruptcy petition under chapter 12 on February 18, 1999. The case was dismissed at their request on July 20, 2000. During the pendency of their chapter 12 case, the debtors borrowed money from FarmPro Services, Inc., and Ag Acceptance Corporation. Both loans were approved by the bankruptcy court and properly perfected.

---

[1] The Honorable William A. Hill, United States Bankruptcy Judge for the District of North Dakota.

On September 29, 2000, the debtors filed another case, this time under chapter 13. A month later, on October 28, 2000, Congress enacted Public Law 106-397 which provided certain disaster relief payments for the 2000 crop year. On December 29, 2000, the debtors converted their case to a case under chapter 11 and converted their case, yet again, to a case under chapter 12 on June 4, 2001. In July of 2001, the Department of Agriculture issued two checks in the total sum of $80,000.00 as the debtors' entitlement under the year 2000 Disaster Program. The checks were actually made payable to FarmPro Services, Inc., and it is those payments which are the subject of the dispute among the parties.

## ADVERSARY PROCEEDING 01-7031

On June 5, 2001, this adversary proceeding was commenced by FarmPro Services, Inc., against the debtors and WSB Trucking. The complaint asked that the court determine, as among the parties to that adversary proceeding, the right to the disaster payments. The defendants answered and on September 3, 2001, the bankruptcy court issued a joint opinion in which it discussed the issues raised in this adversary proceeding and the Ag Acceptance Corporation adversary proceeding, which will be discussed later. In its opinion, the bankruptcy court determined that both FarmPro and Ag Acceptance had valid security interests in the disaster payments and that Ag Acceptance's interest was ahead of FarmPro's. While the court issued a joint opinion in the two adversary proceedings, it entered separate judgments for each. The judgment in this adversary proceeding read simply "[t]hat the security interest of FarmPro Services, Inc. in the crop disaster payment is not defeated by the event of the bankruptcy filing."

On September 13, 2001, FarmPro filed a motion to alter or amend the order and judgment.

3

The next day, the debtors filed a notice of appeal from the September 3rd judgment in this adversary proceeding. Although the notice of appeal was filed 11 days after entry of the judgment, one day after the last day of the appeal period, the pendency of FarmPro's timely motion extended the appeal period until the bankruptcy court's entry of an order disposing of the motion. *See,* Fed. R. Bankr. P. 8002(b). On October 12, 2001, the bankruptcy court denied FarmPro's motion to alter or amend the order and judgment. Ten days later, on October 22, 2001, the bankruptcy court extended the time for FarmPro to file an appeal from the order denying the motion. The order did not, at least by its terms, extend the time for appealing from the September 3rd judgment.

On November 13, 2001, FarmPro filed an appeal from the September 3rd judgment, together with a proper election to have its appeal heard by the district court. Two weeks later, on November 27, 2001, FarmPro filed an amended notice of appeal, together with another election to have its appeal heard by the district court, which indicated that it was instead appealing from the order denying its motion to alter or amend.

While the parties seem to assume that we have jurisdiction over the debtors' appeal from the September 3rd judgment and the district court has jurisdiction over FarmPro's appeal from the bankruptcy court's September 3rd opinion and order for judgment, we disagree. The issues in the two appeals are from closely interwoven, if not identical, determinations by the bankruptcy court. The fact that FarmPro tries to characterize its appeal as being from the opinion and order for judgment or from the order denying FarmPro's motion to alter or amend, while the debtors' is from the judgment, is a distinction that has no meaning in this context. Since FarmPro's election to have its appeal heard by the district court was timely, we conclude that we have been divested of jurisdiction over the debtors' appeal from the September 3rd judgment. We will thus dismiss that appeal with direction to return it to the clerk of the bankruptcy court for transmission to the district court.

ADVERSARY PROCEEDING 01-7037

This was a separate adversary proceeding commenced by the debtors on June 28, 2001, against Ag Acceptance Corporation, which was also making a claim to the disaster relief payments. While the debtors could have brought Ag Acceptance into the FarmPro adversary proceeding as third party defendants, the debtors chose not to do so. Also, no party ever made a motion to consolidate the two adversary proceedings.

Ag Acceptance answered and the issues raised in this adversary proceeding were also addressed by the bankruptcy court in its September 3, 2001, opinion and order for judgment. Pursuant to its opinion and order, on September 3, 2001, the bankruptcy court entered a separate judgment in this adversary proceeding, dismissing the debtors' complaint against Ag Acceptance. Also, as discussed earlier, the debtors filed their notice of appeal from the two judgments on September 14, 2001, one day late.[2] Since there were no timely post judgment motions made in this adversary proceeding, the notice of appeal is simply untimely. We therefore lack jurisdiction over the appeal from the judgment in this adversary proceeding. *Hamilton v. Lake Elmo Bank (In re Delta Eng'g Int'l, Inc.)*, 270 F.3d 584 (8th Cir. 2001).

CONCLUSION

Therefore, we dismiss the appeal from both judgments . The clerk shall send the appeal from the judgment entered in Adversary Proceeding 01-7031 back to the clerk of bankruptcy court for transmission to the district court.

---

[2] Federal Rule of Bankruptcy Procedure 8002(g) provides that a notice of appeal must be filed within ten days from entry of the judgment.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT.