**In re Michael Todd BRADLEY and Vicki D. Bradley, Debtors.**

**No. 5:01–bk–81522.**

United States Bankruptcy Court, W.D. Arkansas, Fayetteville Division.

Jan. 31, 2003.

Charles W. Baker, Stephen N. Joiner, Rose Law Firm, Little Rock, AR, Jill R. Jacoway, Jacoway Law Firm, Fayetteville, AR, for Michael Todd Bradley and Vicki D. Bradley.

Charles T. Coleman, Wright, Lindsey & Jennings LLP, Little Rock, AR, for Citi-Capital Commercial Corporation.

William S. Meeks, Streetman, and Thomas S. Streetman, Meeks & McMillian, Crossett, AR, for Renee S. Williams.

### ORDER

RICHARD TAYLOR, Bankruptcy Judge.

Pending before the Court is the "Motion For Order to Allow Late Filing of Appeal" filed by the debtors, Michael and Vicki Bradley, on December 30, 2002. The debtors' motion follows a Judgment entered by the Eighth Circuit Bankruptcy Appellate Panel on December 17, 2002, that stated:

> After careful review, the panel has determined that cross-appellants [Michael Todd Bradley and Vicki D. Bradley] have failed to timely file the notice of appeal. Accordingly, the cross-appeal is dismissed for lack of jurisdiction. *See Hamilton v. Lake Elmo Bank (In re*

*Delta Eng'g Int'l),* 270 F.3d 584, 586 (8th Cir.2001); *FarmPro Servs., Inc. v. Brown (In re Brown),* 273 B.R. 194, 197 (8th Cir. BAP 2002). (5446–010199) The mandate shall issue forthwith.

For the reasons set forth below, the Court denies the debtors' motion.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The following order constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

## PROCEDURAL HISTORY

On August 21, 2002, the Court entered its order that is the subject of appeal notices filed by both parties. In its order, the Court found that (1) the debtors did not convert non-exempt assets with the intent to hinder, delay, or defraud their creditors; (2) the 1.98 acre tract, which is the subject property, is property of the estate; (3) the debtors were entitled to select one-quarter acre of the subject property as their homestead; (4) the debtors did not act arbitrarily, capriciously, or unreasonably in carving out their one-quarter acre homestead; and (5) because the subject property could not be subdivided under the subdivision covenants and city building ordinances, the debtors were entitled to the value of their homestead exemption. Based on its findings, the Court ordered the trustee to sell the subject property and hold the proceeds in trust pending a hearing by the Court to determine the appropriate allocation of the proceeds.

Since the Court's August 21, 2002, order, the following pleadings and orders have been filed:

| Date | Title of Pleading/Order | |
|---|---|---|
| 08/27/02 | "Notice of Appeal" | Filed by the trustee, appealed to BAP |
| 08/28/02 | "Motion For Extension of Time to File Post-trial Motions and/or Appeal" | Filed by the debtors |
| 09/03/02 | "Order" | Granting the debtors' motion for extension of time to file post-trial motions and/or appeal to 09/20/02 |
| 09/20/02 | "Motion to Amend August 20, 2002 Order and/or to Make Additional Findings and/or For a New Trial and/or to Certify Exemption Question to the Arkansas Supreme Court" [Motion to Amend] | Filed by the debtors |
| 10/21/02 | "Order" | Denying debtors' 09/20/02 Motion to Amend |
| 11/01/02 | "Debtors' Notice of Appeal" | Filed by the debtors |
| 11/01/02 | "Appellants' Election to Appeal to District Court" | Filed by the debtors, included statement of non-consent for BAP to hear appeal |

| 11/15/02 | "Order" | Entered by BAP—election to Dist. Court not timely; consent not required under 158(c); BAP has jurisdiction of both appeals |
| 11/22/02 | "Debtors' Motion For Stay Pending Appeal" | |
| 12/02/02 | "Order Granting Stay Pending Appeal" | |
| 12/17/02 | "Judgment" | Entered by BAP—the debtors failed to file timely notice of appeal; BAP does not have jurisdiction of the debtors' notice of appeal |
| 12/30/02 | "Motion For Order to Allow Late Filing of Appeal" | Filed by the debtors |

## DISCUSSION

■ Federal Rule of Bankruptcy Procedure 8002(a) requires that an appellant file a notice of appeal "within 10 days of the date of the entry of the judgment, order, or decree appealed from." The Court entered its order on August 21, 2002. The debtors filed a timely motion for extension of time to file post-trial motions or a notice of appeal on August 28, 2002. The Court granted this motion, extending until September 20, 2002, the time to file a notice of appeal or any post-trial motions. On September 20, 2002, the debtors filed a motion to amend or make additional findings of fact. Pursuant to Federal Rule of Bankruptcy Procedure 8002(b), the effect of the debtors' motion to amend or make additional findings was that "the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding." On October 21, 2002, the Court denied the debtors' motion to amend or make additional findings. Under Rule 8002(b), the debtors then had until October 31, 2002, to file a notice of appeal. The debtors filed their notice of appeal on November 1, 2002, eleven days after the Court entered its order.

■ Rule 8002(a)'s ten-day time frame is both "mandatory and jurisdictional." *Crockett v. Lineberger*, 205 B.R. 580, 581 (8th Cir. BAP 1997)(quoting *Carnahan, Carnahan & Hickle v. Rozark Farms, Inc. (In re Rozark Farms, Inc.)*, 139 B.R. 463, 465 (E.D.Mo.1992)). However, Rule 8002(c) permits the bankruptcy court to enlarge the time for filing a notice of appeal by 20 days upon (1) written motion filed before the time for filing a notice of appeal has expired, or (2) not later than 20 days after the expiration of the time for filing a notice of appeal upon a showing of excusable neglect. Fed. R. Bankr.P. 8002(c).

■ The debtors did not file their notice of appeal within the mandatory 10 day period. Further, they failed to file their Motion For Order to Allow Late Filing of Appeal based upon excusable neglect within the additional 20 day period. To avail themselves of this grace provision afforded by the bankruptcy rules, the extension motion alleging excusable neglect had to be filed within the appropriate twenty day period.

In fact, the debtors did not file their motion to extend time until December 30, 2002, 40 days after the expiration of Rule

8002(c)'s 20 day period. Rule 8002(c) states that, "[a]n extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal...." Fed. R. Bankr.P. 8002(c). The rule allows 20 days, and only 20 days, within which to file a motion for extension of time based on excusable neglect. *See Moore v. Hogan,* 851 F.2d 1125, 1127 (8th Cir.1988)("The Rule permits only one period of time in which to seek an extension. It does not permit a second such request."). The debtors' notice of appeal and their subsequent motion to allow late filing of appeal were untimely, and this Court has no authority to grant their motion. Accordingly, the debtors' "Motion For Order to Allow Late Filing of Appeal" is denied.

IT IS SO ORDERED.