In the Matter of BTR PARTNERSHIP, originally filed as BTR Farms, Debtor.

Farmers State Bank of Nebraska, Plaintiff,

v.

Citizens Bank, State Savings Bank, and BTR Farms, Defendants.

State Savings Bank and Citizens Bank, Third–Party Plaintiffs,

v.

Timothy H. Shirley and Carolyn L. Shirley, Third–Party Defendants,

Chapter 11 Trustee, Richard D. Myers, Third–Party Plaintiff,

v.

Farmers State Bank of Nebraska, Citizens Bank, State Savings Bank, BTR Farms, Timothy H. Shirley, and Carolyn L. Shirley, Third–Party Defendants.

No. 4:03CV3080.
Bankruptcy No. 01–41170.
Adversary No. 01–04076.

United States District Court, D. Nebraska.

April 18, 2003.

Richard H. Hoch, Hoch, Steinheider
Law Firm, Nebraska City, NE, for Plain-

tiff Farmers State Bank of Nebraska's Counsel.

Charles L. Smith, Telpner, Peterson Law Firm, Council Bluffs, IA, for Defendant State Savings Bank's Counsel.

Jodi Ahlman, Rod P. Kubat, Nyemaster, Goode Law Firm, Des Moines, IA, for Defendant Citizens Bank's Counsel.

## MEMORANDUM AND ORDER

KOPF, Chief Judge.

As directed by the court in its previous memorandum and order (filing 4), the appellant, Farmers State Bank of Nebraska ("FSB"), has filed a motion for leave to appeal (filing 7), together with a supporting brief (filing 8).[1] The Chapter 11 Trustee, Richard D. Myers ("Trustee"), has filed an answer and opposing brief (filings 9, 10), as permitted by the court's previous memorandum and order.[2] No other adverse party has responded to the motion, which is now ripe for decision.

I find that the bankruptcy court has not issued a certification under Bankruptcy Rule 7054 (or Fed.R.Civ.P. 54(b)) which would permit this appeal to be heard under 28 U.S.C. § 158(a)(1), and also find that there has been no showing by FSB that the bankruptcy court's orders involve a controlling question of law for which a discretionary appeal may be allowed under 28 U.S.C. § 158(a)(3). Consequently, FSB's motion will be denied and the appeal will be dismissed for lack of jurisdiction.

## I. Background

The debtor in bankruptcy, BTR Partnership ("BTR"), is an Iowa partnership that is engaged in the business of buying, raising, and selling livestock. Financing for its operations was provided by a series of loans from State Savings Bank ("State Savings"), one of which is subject to a participation interest that was purchased by Citizens Bank. FSB loaned money to Timothy and Carolyn Shirley ("the Shirleys"), which allegedly was used to purchase cattle on behalf of BTR.

FSB initiated an adversary proceeding against State Savings, Citizens Bank, and BTR for the purpose of determining that it has a purchase money security interest in the BTR cattle, or in their sale proceeds, which has priority over any security interest that is held by the other financial institutions. State Savings and Citizens Bank counterclaimed for a determination that FSB does not have a security interest in the BTR cattle, and they also filed a third-party complaint for a determination that the Shirleys have no ownership interest in the BTR cattle. The Trustee was permitted to intervene in the adversary proceeding and to file a third-party complaint against all the other parties in which it is alleged, among other things, that a preferential transfer occurred when some BTR cattle were sold before the bankruptcy and the proceeds were applied by FSB to the Shirleys' loan. Citizens Bank was then permitted to file an amended counterclaim against FSB to allege that such payment instead amounted to a wrongful conversion of collateral securing the State Savings loans.

FSB filed a motion for summary judgment (bankruptcy court filing 17) on its adversary complaint. State Savings and

---

**1.** The court's previous memorandum and order was entered pursuant to Bankruptcy Rule 8003(c).

**2.** FSB has also filed a reply brief (filing 17), which has been considered despite FSB's fail-

ure to obtain leave of court prior to its filing. *See* NELR 7.1(c) ("No reply brief or evidence shall be permitted, except upon order of the court.").

Citizens Bank cross-motioned for summary judgment (bankruptcy court filings 30, 34), and the Trustee joined in those motions (bankruptcy court filing 49). The Trustee then filed a motion for summary judgment (bankruptcy court filing 51) on its third-party complaint. Finally, State Savings and Citizens Bank filed a motion for summary judgment (bankruptcy court filing 57) on their third-party complaint against the Shirleys.

On January 30, 2003, the bankruptcy court entered a "memorandum" (bankruptcy court filing 101) and a "judgment" (bankruptcy court filing 102). The judgment specifically denied FSB's motion for summary judgment (bankruptcy court filing 17), granted the cross-motions of State Savings and Citizens Bank (bankruptcy court filings 30, 34), granted "in part" the Trustee's motion for summary judgment on its third-party complaint (bankruptcy court filing 51), and denied the banks' motion for summary judgment on the third-party complaint against the Shirleys (bankruptcy court filing 57). The judgment further states:

> Farmers State Bank has no security interest in the cattle or the proceeds thereof which are the subject matter of this adversary proceeding. Judgment is hereby entered against Farmers State Bank and in favor of State Savings Bank and Citizens Bank on this issue. The preference issues raised by the trustee are not ruled on and are preserved for further development at trial.
>
> See Order entered this date.

(Bankruptcy court filing 102, at 2.) The bankruptcy court's memorandum, which presumably is the "order" that is referenced in the judgment, also indicates that no ruling was being made on the conversion claim that was asserted by Citizens Bank in its amended counterclaim (filed several months after its cross-motion for summary judgment). Thus, the bankruptcy court stated:

> There remain issues among all of the parties concerning the amount of the payments to Farmers State Bank from proceeds of cattle which were subject to the lien of State Savings Bank; whether State Savings Bank knew of the payments by BTR Partnership to Farmers State Bank from the proceeds of the cattle, acquiesced in or consented to such payment; whether, if there was no knowledge nor consent, there is a statute of limitations bar to recovery under a conversion theory or some or all of the payments; whether some payments made to Farmers State Bank were made by Timothy and Carolyn Shirley from their own funds, and if so, to what extent; and whether, as between State Savings Bank and the trustee, the lien rights and conversion claim held by State Savings Bank take priority over the preference avoidance rights of the trustee in bankruptcy. For these, and perhaps other reasons, summary judgment shall not be entered on the preference/conversion portion of this adversary proceeding.

(Bankruptcy court filing 101, at 12–13.) The memorandum does not discuss why the bankruptcy court denied summary judgment on the third-party complaint that was filed against the Shirleys (who deny having any ownership interest in the cattle).

FSB argues that the bankruptcy court's memorandum and judgment are final, appealable orders, or, if not, that an interlocutory appeal should be allowed because a reversal would eliminate any need for the bankruptcy court to proceed to trial on the "conversion" or "preference" claims that are being made against FSB in Citizens Bank's amended counterclaim and the Trustee's third-party complaint. The

Trustee, on the other hand, argues that the orders are not final because the bankruptcy court deferred ruling on several issues, and also takes the position that FSB has failed to demonstrate that exceptional circumstances exist for allowing an interlocutory appeal.

## II. Discussion

■ The district courts have jurisdiction under 28 U.S.C. § 158(a)(1) to hear appeals "from final judgments, orders, and decrees" of bankruptcy judges. Finality for bankruptcy purposes is a complex subject, *see In re Popkin & Stern*, 289 F.3d 554, 556 (8th Cir.2002),[3] but the appeal in this case involves an adversary proceeding, *i.e.*, "a complete civil lawsuit within the bankruptcy action," *see Matter of Boucher*, 728 F.2d 1152, 1153 n. 2 (8th Cir.1984). As such, the jurisdictional question of finality can be easily determined by applying the bright-line test that is established by Fed. R.Civ.P. 54(b).[4] *See* Bankruptcy Rule 7054(a) ("Rule 54(a)-(c) F.R.Civ.P. applies to adversary proceedings."). Thus, Rule 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one

or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

■ Although the bankruptcy judge's "memorandum" (bankruptcy court filing 101) concluded with the statement that "[j]udgment will be entered against Farmers State Bank and in favor of State Savings Bank and Citizens Bank on this issue [of whether FSB has a security in the cattle or proceeds]," and a separate "judgment" (bankruptcy court filing 102) was, in fact, entered, in neither of these filings did the bankruptcy judge make "an express determination that there is no just reason for delay." In the absence of such a determination, the "memorandum" and "judgment" are not final, appealable orders.[5]

---

**3.** The Eighth Circuit has adopted a three-factor test to determine whether a bankruptcy court order is final for purposes of 28 U.S.C. § 158(d), considering "the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order, (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief, and (3) a later reversal on that issue would require recommencement of the entire proceeding." *First National Bank v. Allen*, 118 F.3d 1289, 1293 (8th Cir.1997). The Eighth Circuit Bankruptcy Appellate Panel has also applied this test for determining finality under 28 U.S.C. § 158(a)(1). *See, e.g., In re Coleman Enterprises, Inc.*, 275 B.R. 533, 538 (8th Cir. BAP 2002).

**4.** The lack of certification under Rule 54(b) was specifically cited in the court's previous memorandum and order (filing 4) as a reason for requiring FSB to file a motion for leave to appeal. Despite receiving this notice, neither FSB nor the Trustee have briefed the Rule 54(b) certification issue.

**5.** The function of the trial court under Rule 54(b) is to act as a "dispatcher" by determining the "appropriate time" when each final decision in a multiple claims action is ready for appeal, considering both the equities of the situation and "judicial administrative interests," particularly the interest in preventing piecemeal appeals. *See Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8,

■ The Eighth Circuit has taken the view "that Rule 54(b) certifications must, either in express words or by unmistakably clear implication, contain the findings specifically required by the rule." *Bullock v. Baptist Memorial Hosp.*, 817 F.2d 58, 59 (8th Cir.1987) (district court's statement that "immediate appeal from its Order may ultimately advance termination of this litigation" was not the equivalent of a finding that there was no just reason for delay). *Cf. Mooney v. Frierdich*, 784 F.2d 875 (8th Cir.1986) (appeal dismissed where district judge endorsed "So Ordered" on motion for Rule 54(b) certification); *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1228–29 (8th Cir.1997) (finding that orders "unquestionably were intended to be final for purposes of appeal."); *Speer v. City of Wynne, Arkansas*, 276 F.3d 980, 987–88 (8th Cir.2002) ("Where the district court's intent to enter a partial final judgment under Rule 54(b) is clear, the order is considered appealable.").

The Eighth Circuit has not had occasion to consider whether Rule 54(b)'s stringent jurisdictional requirements might be relaxed when a district court is asked to review a bankruptcy court's partial disposition of an adversary proceeding under 28 U.S.C. § 158(a)(1) (or, for that matter, when a subsequent review by the Court of Appeals is sought under 28 U.S.C. § 158(d)), but several other circuits have held that Rule 54(b) certification, including an express determination of no just reason for delay and an express direction for entry of judgment, is a jurisdictional requirement. *See In re Boca Arena, Inc.*, 184 F.3d 1285, 1286–87 (11th Cir.1999) ("[A]c-

cording to a plain reading of the Bankruptcy Rules, a bankruptcy order that disposes of fewer than all claims or parties in an adversary proceeding is not immediately appealable unless the bankruptcy judge certifies the order for immediate review pursuant to Bankruptcy Rule 7054, which incorporates Fed.R.Civ.P. 54(b)."); *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450–52 (6th Cir.1997) (strict application of Rule 54(b) is appropriate given that adversary proceedings can be viewed as "stand-alone lawsuits"); *In re Harrington*, 992 F.2d 3, 6 n. 3 (1st Cir.1993) ("Just as an appeal in a civil action normally may not be taken under section 1291 until all claims of all parties to the action have been finally resolved, *see* Fed.R.Civ.P. 54(b), so too must some special justification be shown for departing from the finality rule relating to adversary proceedings . . . ."); *In re Chateaugay Corp.*, 922 F.2d 86, 90–91 (2nd Cir.1990) (no jurisdiction to hear appeal from orders granting partial summary judgment in adversary proceeding where parties did not petition bankruptcy court for determination and direction under Rule 54(b)); *In re Durability, Inc.*, 893 F.2d 264, 265–66 (10th Cir.1990) (jurisdictional inquiry focuses on dispositional status of matters comprising the adversary proceeding; interlocutory order granting partial summary judgment not appealable absent certification); *In re Wood and Locker, Inc.*, 868 F.2d 139, 142–45 (5th Cir.1989) ("[G]iven the clear mandate of Bankruptcy Rule 7054, no appeal may be taken from a bankruptcy court order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all

100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). An abuse of discretion standard of review applies to the Rule 54(b) determination, and the Eighth Circuit largely defers to the trial court's weighing of the equities. *See Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir.1993). Closer

scrutiny, however, is given to the analysis of appellate administrative interests. *See id.* (also stating that "[a] Rule 54(b) determination should not be made routinely; it is only the 'special case' that warrants an immediate appeal from a partial resolution of the lawsuit.").

of the parties in an adversary proceeding absent Rule 54(b) certification—even if the order would be considered final if it arose in another context."); *Matter of King City Transit Mix, Inc.*, 738 F.2d 1065, 1066–67 (9th Cir.1984) ("[E]ven the unique nature of a bankruptcy proceeding does not warrant a departure from final order jurisprudence developed in the context of 28 U.S.C. § 1291."). *But see Matter of Morse Elec. Co., Inc.*, 805 F.2d 262, 264–65 (7th Cir.1986) (when adversary proceeding is a core proceeding, resolution of one creditor's full position is "final" under § 158(d) without the need for a formal entry of judgment under Rule 54(b)).

The record in this case does not contain a clear indication that the bankruptcy judge intended his denial of FSB's motion for summary judgment, or his granting of the cross-motions for summary judgment filed by State Savings and Citizens Bank, or his partial granting of the Trustee's motion for summary judgment, to be subject to immediate review. He did not make an express determination that there was no just reason for delay in entering judgment finally deciding that FSB has no security interest in the cattle, nor does it appear that he engaged in any Rule 54(b) analysis before entering the "judgment." As a matter of law, therefore, the bankruptcy judge's decision regarding FSB's claimed security interest will remain subject to revision until the adversary proceeding is concluded in its entirety.

■ Although FSB argues that the district court should exercise its discretionary authority under 28 U.S.C. § 158(a)(3) to hear the appeal in "the interests of saving the parties time and additional expense plus judicial economy" (filing 17, at 4), these are considerations that should be addressed by the bankruptcy court in the first instance where Rule 54(b) applies. Thus, in a case such as this, it is particularly appropriate to adopt the approach that typically has been used by the Eighth Circuit Bankruptcy Appellate Panel in deciding whether to grant a motion for leave to appeal, that is, to apply the standards found in 28 U.S.C. § 1292(b) for certification of interlocutory orders for appeal.[6] *See In re Machinery, Inc.*, 275 B.R. 303, 306 (8th Cir. BAP 2002). Certification under section 1292(b) requires that: "(1) the question involved be one of law; (2) the question be controlling; (3) there exists a substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) a finding that an immediate appeal would materially advance the ultimate termination of the litigation." *Id.*

■ FSB's motion for leave to appeal does not contain a statement of the questions to be presented by the appeal, as required by Bankruptcy Rule 8003(a), nor does the record on appeal contain such a statement, as required by Bankruptcy Rule 8006. FSB's briefs merely indicate that the appeal will involve whether it has a perfected purchase money security interest, which, as demonstrated by the bankruptcy court's memorandum opinion, is a fact-intensive inquiry. Because there has

---

**6.** While most courts look to § 1292(b) for guidance when considering motions for leave to appeal under § 158(a)(3), a few courts have criticized this approach. *See, e.g., In re Hayes Bankruptcy*, 220 B.R. 57, 59 (N.D.Iowa 1998) (observing that nothing in the text of § 158(a)(3) indicates a limit on the district court's discretion, and that since the bankruptcy court is a "unit of the district court" under 28 U.S.C. § 151, the district court may review decisions of the bankruptcy court as freely as it may review its own decisions). I have previously aligned myself with the majority position. *See Matter of Zech*, 185 B.R. 334, 336–37 (D.Neb.1995) (also stating that interlocutory appeals in bankruptcy are not favored).

been no showing that the appeal would involve a question of law, let alone a controlling question of law as to which there is a substantial ground for difference of opinion, I find no basis for granting FSB's motion.

Accordingly,

IT IS ORDERED that:

1.  Plaintiff's motion for leave to appeal (filing 7) is denied;

2.  Plaintiff's appeal is dismissed for lack of jurisdiction; and

3.  Judgment shall be entered by separate document.