# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Michael Kirk Strong and | * | |
| Maureena Jean Strong | * | |
| | * | |
| Debtors | * | |
| -------------------------- | | |
| State of Nebraska, ex rel. Michael J. | * | No. 02-6067NE |
| Linder, Director, Nebraska Department | * | |
| of Environmental Quality | * | |
| | * | |
| Plaintiff - Appellee | * | |
| | * | Appeals from the United States |
| v. | * | Bankruptcy Court for the |
| | * | District of Nebraska |
| Michael Kirk Strong; | * | |
| Maureena Jean Strong | * | |
| | * | |
| Defendants - Appellants | * | |
| ---------------------------- | | |
| State of Nebraska, ex rel. Michael J. | * | No. 02-6080NE |
| Linder, Director, Nebraska Department | * | |
| of Environmental Quality | * | |
| | * | |
| Plaintiff - Appellee | * | |
| | * | |
| v. | * | |
| | * | |
| Michael Kirk Strong; | * | |
| | * | |
| Defendant - Appellant | * | |
| | * | |
| Maureena Jean Strong | * | |
| | * | |
| Defendant | * | |

Submitted:  May 21, 2003
Filed: June 12, 2003
_____

Before KRESSEL, Chief Judge, SCHERMER, and DREHER, Bankruptcy Judges.
_____

DREHER, Bankruptcy Judge.

These appeals are from two orders of the bankruptcy court.  In the first, the bankruptcy judge granted partial summary judgment in favor of the Plaintiff-Appellee, State of Nebraska, against the Defendant-Appellant, Michael Strong.  In the second, the bankruptcy court denied Strong's motion for reconsideration and stay pending appeal.  We dismiss the appeals for lack of jurisdiction.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 13, 2000, Debtors Michael and Maureena Strong, (referred to separately as "Michael" and "Maureena") filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code.  The filing was occasioned, in part, by liabilities that Michael had incurred as a result of his operation of a tire scrap business.  For several years prior to the filing, Michael and his business had been the subject of several suits commenced by the Nebraska Department of Environmental Control ("NDEQ") seeking enforcement of Nebraska's environmental protection laws.  In 1995, as part of those enforcement proceedings, Michael and the NDEQ entered into a consent decree in which Michael agreed to comply with all State environmental regulations and to pay the State $5000, plus an additional fine of $10,000 if he failed to perform.

In March 1998, after Michael failed to perform as required, the State court entered an order finding Michael in contempt for failing to abide by the 1995 order.

The State court enjoined Michael from causing further environmental harm and imposed an additional $10,000 penalty for failure to abide by the injunction. In October 1998, the NDEQ commenced an administrative proceeding and secured an order dated January 2000, revoking Michael's scrap tire permit and requiring him to remove all scrap tires, tire-derived products, and residuals from his business site by May 15, 2000. The order carried a fine of $1,000 per day for each day Michael failed to comply. The bankruptcy filing followed shortly thereafter. Michael is no longer in business and the site has not been cleaned up.

On November 11, 2000, the State of Nebraska, through the NDEQ, sued Michael and Maureena in bankruptcy court. The complaint contained three counts. First, NDEQ sought to have the bankruptcy court deny Michael and Maureena a discharge under 11 U.S.C. §§ 727(a)(2), (3), and (4) for concealing assets and making a false oath. Second, NDEQ sought to have Michael's debt to NDEQ excepted from discharge pursuant to 11 U.S.C. § 523(a)(7) on the ground that it consisted of fines and penalties not in compensation for actual pecuniary loss. Third, NDEQ sought a ruling that the automatic stay did not apply to NDEQ's attempts to enforce the prior state court orders because NDEQ was seeking only to exercise its police and regulatory powers and not attempting to collect a debt.

Prior to trial, NDEQ filed a "Motion for Order of Nondischargeability." The bankruptcy court construed this as a motion for summary judgment. During argument counsel for NDEQ made clear that the State had not filed a claim for the costs it might incur in cleaning up the site. Instead, NDEQ argued that it wanted an order allowing it to continue to enforce the prior state court orders against Michael, and in particular the order to clean up the site. Upon questioning from the bankruptcy court, NDEQ agreed that Maureena was not a party to any of the state court enforcement actions, but insisted that it wanted to continue to pursue the discharge action against both Maureen and Michael. During the hearing the bankruptcy court indicated that

it was close to dismissing Maureena from the case, at least with respect to all claims other than the action for denial of discharge under Section 727.

After further briefing, the bankruptcy court issued a Memorandum Order dated September 27, 2002, which contained findings and conclusions as required by Federal Rule of Bankruptcy Procedure 7052 (applying Federal Rule of Civil Procedure 52). The bankruptcy court determined that partial summary judgment should be granted against Michael only and in favor of NDEQ. It held that the automatic stay was not applicable to prevent NDEQ from proceeding against Michael in state court to enforce the prior state court orders. This holding was based on the bankruptcy court's determination that NDEQ was merely attempting to enforce its police and regulatory powers and not attempting to collect a debt. The bankruptcy court also determined that the fines and penalties assessed against Michael in the state court actions were excepted from discharge pursuant to section 523(a)(7), since they were not compensation for pecuniary loss. While the bankruptcy court made no specific finding as to the state's action to enforce the state court injunction requiring cleanup of the site, there is language in the decision to suggest that the court viewed such action as arising post-petition and therefore not covered by the discharge injunction. On the section 727 count, however, the bankruptcy court held:

> [t]he balance of the assertions by the State that the debtor should be denied a discharge of all debts is denied on this record. If the State desires to proceed on such claim or claims, the parties shall file a preliminary pretrial statement on those issues in 30 days. Otherwise, the determinations made herein are final; the balance of the case may be dismissed *upon motion of either party*.

(emphasis added).

On the same day, the bankruptcy court issued a separate order determining that the state actions were excepted from the stay under 11 U.S.C. § 362(b)(4); holding

that the fines and penalties that were imposed against Michael pre-petition were excepted from his bankruptcy discharge pursuant to § 523(a)(7); and repeating the quoted language from the Memorandum Order to the effect that the balance of the assertions by the State regarding denial of discharge were not ripe for summary judgment. Again the court made clear that "[i]f the State desires to proceed on such claim or claims, the parties shall file a preliminary pretrial statement on those issues in 30 days, otherwise, the determination made herein are final and the balance of the case may be dismissed *upon motion of either party*." (emphasis added).

The September 27 order contained no express determination that there was no just reason for delay and no express direction that judgment be entered as required by Federal Rule of Bankruptcy Procedure 7054. There was also no ruling on dismissal of Maureena as a defendant in the adversary proceeding. The parties did not file a preliminary pretrial statement on the remaining issues in the case and no party made a motion to dismiss after the 30 days had passed.

Instead, Michael timely made a motion to reconsider the September 27 order for an extension of time to appeal, and for a stay pending appeal. The bankruptcy court granted the motion for stay and to extend the time to file an appeal. On October 30, 2002, Debtors filed a notice of appeal from the September 27 Order. The motion for reconsideration was set for hearing on the objection of NDEQ. On December 5, 2002, the bankruptcy court vacated the order extending the time to file an appeal as moot, vacated the order granting a stay pending appeal, and denied the motion for reconsideration. On December 16, 2002, Michael timely appealed this order.

DISCUSSION

We have jurisdiction to hear appeals "from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. §§ 158(a), (b)(1); *see also* Schwartz v. Kujawa (In re Kujawa), 323 F.3d 628, 629 (8th Cir. 2003). This adversary proceeding is not

complete. The Eighth Circuit has adopted a three-factor test to determine whether a bankruptcy court order is final for purposes of 28 U.S.C. § 158(d), considering "the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order, (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief, and (3) a later reversal on that issue would require recommencement of the entire proceeding." First National Bank v. Allen, 118 F.3d 1289, 1293 (8th Cir. 1997). The Eighth Circuit Bankruptcy Appellate Panel has applied this test for determining finality under 28 U.S.C. § 158(a)(1). *See, e.g.,* In re Coleman Enterprises, Inc., 275 B.R. 533, 538 (B.A.P. 8th Cir. 2002).

An order granting partial summary judgment is not a final judgment, order, or decree; it is interlocutory. *See, e.g.,* St. Mary's Health Ctr. v. Bowen, 821 F.2d 493, 497 (8th Cir. 1987); American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003)(*citing* 11 MOORE'S FEDERAL PRACTICE § 56.40[3] (Matthew Bender 3d ed. 1998)("A partial summary judgment order is interlocutory....")). "To be a final order or judgment, there must be 'some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as [the court] is concerned, is the end of the case.' " Goodwin v. United States, 67 F.3d 149, 151 (8th Cir. 1995)(*quoting* Fiataruolo v. United States, 8 F.3d 930, 937 (2d Cir.1993); *See also* Great Rivers Co-op. of Southeastern Iowa v. Farmland Industries, Inc., 198 F.3d 685, 689 (8th Cir. 1999).

Federal Rule of Civil Procedure 54(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7054, states that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence

of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

FED. R. CIV. P. 54(b)(emphasis added).

"The sole purpose of a Rule 54(b) order is to provide an opportunity to appeal claims affecting some but not all of the parties or some but not all of the issues." Orion Fin. Corp. v. American Foods Group, Inc., 201 F.3d 1047, 1049 (8th Cir. 2000). Although the bankruptcy court 's order stated it would be a final order, that delcaration was dependent upon the filing of the pre-trial statement or a mortion for dismissal of NDEQ's objection to discharge. The bankruptcy court did not make an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

> The Eighth Circuit has not had occasion to consider whether Rule 54(b)'s stringent jurisdictional requirements might be relaxed when a district court is asked to review a bankruptcy court's partial disposition of an adversary proceeding under 28 U.S.C. § 158(a)(1) (or, for that matter, when a subsequent review by the Court of Appeals is sought under 28 U.S.C. § 158(d)), but several other circuits have held that Rule 54(b) certification, including an express determination of no just reason for delay and an express direction for entry of judgment, is a jurisdictional requirement.

Farmers State Bank v. Citizens Bank ( In re BTR Partnership), 292 B.R. 188, 193 (D. Neb. 2003)(citing In re Boca Arena, Inc., 184 F.3d 1285, 1286-87 (11th Cir.1999)("[A]ccording to a plain reading of the Bankruptcy Rules, a bankruptcy order that disposes of fewer than all claims or parties in an adversary proceeding is not immediately appealable unless the bankruptcy judge certifies the order for

-7-

immediate review pursuant to Bankruptcy Rule 7054, which incorporates Fed. R. Civ. P. 54(b).")).

In this adversary proceeding fewer than all of the claims have been resolved. Maureena remains a Defendant and the bankruptcy court is left with more to do than execute the order. The bankruptcy court required NDEQ to file a pre-trial statement within 30 days if it wanted to proceed with its objection to Debtors' discharge. If it failed to do so, either party could file a motion seeking dismissal. The pre-trial statement was not filed, but neither party filed a motion to dismiss. If we reversed the bankruptcy court's determination in this appeal the litigants still must resolve the section 727 issue. "[L]itigants should not be able to avoid the final judgment rule without fully relinquishing the ability to further litigate unresolved claims." Dannenberg v. Software Toolworks, Inc., 16 F.3d 1073, 1077 (9th Cir.1994). Furthermore, if the bankruptcy court decides that NDEQ lost its opportunity to litigate the section 727 issues because NDEQ failed to comply with the bankruptcy court's order, a discharge would be entered, and the automatic stay issue becomes moot, the stay no longer being in effect upon entry of Michael's discharge.
On the other hand, if the bankruptcy court allows NDEQ to litigate the section 727 issue and denies Debtors a discharge, the dischargeability issue may become moot. Consequently, the bankruptcy court's September 27, 2002 order is not a final order.

"'The finality requirement . . . embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals.'" Orion Fin. Corp., 201 F.3d at 1049 (*quoting* United States v. Nixon, 418 U.S. 683, 690 (1974)) . The failure of the bankruptcy court to enter an order dismissing NDEQ's section 727 cause of action creates the potential for piecemeal review in this case. As a result, we lack jurisdiction to hear the appeal on the bankruptcy court's September 27, 2002 order. Lacking jurisdiction on that order, we also lack jurisdiction to hear the appeal of the bankruptcy court's order denying the motion for reconsideration. Therefore, these appeals are dismissed.

A true copy.

Attest:

       CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
       EIGHTH CIRCUIT