In re FULTON BELLOWS & COM-
PONENTS, INC. f/k/a JRGACQ
Corporation, Debtor.

No. 03–33186.

United States Bankruptcy Court,
E.D. Tennessee.

Oct. 29, 2003.

Greenebaum, Doll & McDonald, PLLC, Lawrence R. Ahern, III, Esq., Andrew D. Stosberg, Esq., Gregory R. Schaaf, Esq., Nashville, TN, for Debtor.

Arnold & Porter, Michael L. Bernstein, Esq., Washington, D.C., for American Capital Strategies, Ltd.

Whatley Drake, LLC, Glen M. Connor, Esq., Richard P. Rouco, Esq., Birmingham, AL, for United Steelworkers of America, AFL–CIO–CLC.

Little & Milligan, P.L.L.C., F. Scott Milligan, Esq., Knoxville, TN, for International Association of Machinists and Aerospace Workers Union.

Jenkins & Jenkins Attys, PLLC, Michael H. Fitzpatrick, Esq., Knoxville, TN, for the Official Committee of Unsecured Creditors.

Richard F. Clippard, Esq., United States Trustee, Patricia C. Foster, Esq., Knoxville, TN, for United States Trustee.

## MEMORANDUM ON DEBTOR'S SECOND MOTION SEEKING REJECTION OF COLLECTIVE BARGAINING AGREEMENTS

RICHARD S. STAIR, JR., Bankruptcy Judge.

On August 6, 2003, the Debtor filed its first Motion and Supporting Memorandum by the Debtor Seeking Rejection of Collective Bargaining Agreements Pursuant to 11 U.S.C. § 1113 (the Prior Motion), seeking to reject a Collective Bargaining Agreement dated October 16, 1999, with the United Steelworkers of America, AFL–CIO–CLC, Local 5431, and a Collective Bargaining Agreement dated October 26, 1999, with the International Association of Machinists and Aerospace Workers Union, Lodge 555 (collectively, the Collective Bargaining Agreements).[1] The Prior Motion was based upon "final" proposals made by the Debtor to the United Steelworkers on August 1, 2003, and to the Machinists Union on August 4, 2003. Objections were filed by the Unions to the Prior Motion, and the court held a two-day trial on August 25 and 26, 2003. Thereafter, on August 29, 2003, the court delivered a bench opinion and entered an Order in which it denied the Prior Motion. This Order was not appealed by any party in interest.

On September 29, 2003, the Debtor filed a second Motion and Supporting Memorandum by the Debtor Seeking Rejection of Collective Bargaining Agreements Pursuant to 11 U.S.C. § 1113 (Motion to Reject), again seeking to reject the Collective Bargaining Agreements. The Debtor filed this Motion to Reject after it made what it termed as the "Final Offer of September 22, 2003" to each Union. Besides offering different proposals to the Unions and addressing various observations made by the court in its August 29, 2003 opinion, the Debtor's Motion to Reject mirrors the Prior Motion.

The court entered an Order on October 1, 2003, scheduling a hearing on the Motion to Reject and directing the parties to

1. A motion to reject a collective bargaining agreement is a core proceeding pursuant to 28 U.S.C.A. § 157(b)(2)(A) and (O) (West 1993).

file briefs in support of their respective theories by October 24, 2003. The court also directed that the brief filed by each party address the legal impact of the Debtor's present Motion to Reject on the court's August 29, 2003 Order denying the Debtor's Prior Motion. Primarily, the court is concerned with the res judicata effect of the August 29, 2003 Order on any further attempts by the Debtor to reject the Collective Bargaining Agreements. In its brief, the Debtor argues that it may file multiple motions to reject because the proposal and the underlying circumstances have changed since the court entered its August 29, 2003 Order. Both Unions filed briefs in opposition of the Motion to Reject, arguing that the Debtor should not be allowed more than one opportunity to reject the Collective Bargaining Agreements, and in any event, arguing that it has not met the standards required by 11 U.S.C.A. § 1113 (West 1993).

■ The court's August 29, 2003 Order was a final order. *Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*, 139 B.R. 772, 778 (S.D.N.Y.1992) ("An order authorizing permanent changes to or rejection of a collective bargaining agreement is clearly regarded by the courts as a final order in the context of bankruptcy proceedings."); *In re Tex. Sheet Metals, Inc.*, 90 B.R. 260, 263 (Bankr.S.D.Tex.1988) ("[The bankruptcy] court has the power to issue a final order with respect to the debtor's motion to reject its collective bargaining agreements.").

■ Final orders of the Bankruptcy Court for the Eastern District of Tennessee are appealable to the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C.A. § 158(a)(1) (West 1993). An appeal is taken by the filing of a notice of appeal with the Clerk of the Bankruptcy Court within ten days of the entry of the final order.

FED. R. BANKR. P. 8001(a); FED. R. BANKR. P. 8002(a). The failure of a party in interest to appeal a final order of the court results in that order being res judicata and not subject to re-adjudication by the court. *See Neb. ex rel. Linder v. Strong (In re Strong)*, 293 B.R. 764, 769 (8th Cir. BAP 2003) (" 'The finality requirement ... embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals.' ") (quoting *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974)); *Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee)*, 218 B.R. 916, 926 (9th Cir. BAP 1998) ("[A] party that fails to appeal a final order cannot collaterally attack that order.") (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 1501, 131 L.Ed.2d 403 (1995)). "The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from re-litigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981)). Furthermore, the doctrine of res judicata extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part or [sic] the transaction, or series of connected transactions, out of which the action arose." *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 215 (6th Cir.1996) (quoting RESTATEMENT (SECOND) JUDGMENTS § 24 (1982)).

■ The Debtor did not appeal the court's August 29, 2003 Order denying its Prior Motion to Reject the Collective Bargaining Agreements, and clearly, that decision is res judicata as to whether the Debtor may ever reject these Collective Bargaining Agreements. Even though the

726

Debtor may have now offered new proposals to the Unions, the court has already made its ruling with respect to these two Collective Bargaining Agreements, and the Debtor may not continually make counteroffers and then come back time and time again if it does not get its desired result. To hold otherwise would serve to make the August 29, 2003 decision nothing more than an advisory opinion, because it would allow the Debtor to do just what it has done—utilize the court's findings to guide future negotiations with the Unions. If allowed and unsuccessful the second time, the court supposes that a third rejection motion may be filed by the Debtor, and so the cycle could continue until the Debtor obtained the sought-after rejection. Under this logic, if a decision denying a debtor's rejection motion under § 1113 lacks finality, the court presumes a decision allowing rejection under § 1113 also lacks finality. Finally, what incentive does the Debtor have to negotiate in good faith if it can run to the court with each and every rejected proposal until it finally finds the one that works. As stated by the Supreme Court,

> [A] fundamental precept of common-law adjudication is that an issue once determined by a competent court is conclusive. "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."

*Ariz. v. Cal.,* 460 U.S. 605, 103 S.Ct. 1382, 1391–92, 75 L.Ed.2d 318 (1983) (internal citations omitted).

In summary, the court does not believe that successive motions to reject the same collective bargaining agreements is what was envisioned under the Bankruptcy Code, and accordingly, it will not entertain the Debtor's Motion to Reject filed on September 29, 2003, or any further motions to reject the Collective Bargaining Agreement dated October 16, 1999, with the United Steelworkers of America, AFL–CIO–CLC, Local 5431, and/or the Collective Bargaining Agreement dated October 26, 1999, with the International Association of Machinists and Aerospace Workers Union, Lodge 555.