# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 03-6054 and No. 03-6055 MN

_____

In re:                                                   *
                                                         *
Lawrence A. Kreger,                                      *
Robin Kreger,                                            *
                                                         *
        Debtors.                                         *
                                                         *
                                                         *   Appeal from the United States
Thousand Acres Development, LLC,                          *   Bankruptcy Court for the
                                                         *   District of Minnesota
        Appellee,                                        *
                                                         *
            v.                                           *
                                                         *
Lawrence A. Kreger,                                      *
and Robin Kreger,                                        *
and Michael J. Iannacone,                                *
                                                         *
        Appellants.                                      *


_____

Submitted: December 9, 2003
Filed: December 24, 2003

_____

Before, FEDERMAN, MAHONEY, and VENTERS, Bankruptcy Judges.

_____

FEDERMAN, Bankruptcy Judge.

_____

Debtors Lawrence and Robin Kreger, as well as their Chapter 11 Trustee/Plan Administrator Michael J. Iannacone (Appellants), appeal an order of the bankruptcy court granting partial summary judgment to appellee Thousand Acres Development, LLC (Thousand Acres). The court held that Thousand Acres is entitled to judgment against Appellants for specific performance of the Purchase Agreement (the Agreement) entered on May 10, 2001, and later adopted by the trustee as the real party in interest seller. We dismiss the appeal for lack of jurisdiction.

Thousand Acres filed an adversary proceeding in three Counts. In Count One Thousand Acres sought an order for specific performance requiring the debtors and the trustee to comply with the terms of the Agreement. In Count Two Thousand Acres sought damages for breach of contract, and in Count Three Thousand Acres sought an administrative claim for the costs incurred in platting the 23 acres and preparing for closing. The Kregers filed a counterclaim. Thousand Acres then filed a motion for partial summary judgment for specific performance of the Agreement. The bankruptcy court found in favor of Thousand Acres for summary judgment as to specific performance, and this appeal followed.

We have jurisdiction to hear appeals from "final judgments, orders, and decrees . . of bankruptcy judges.[1] As we stated in *State of Nebraska v. Strong (In re Strong)*,[2] an order granting partial summary judgment is not a final judgment, order, or decree, absent "'some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as [the court] is concerned, is the end of the case.'"[3] Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable to bankruptcy cases

---

[1]28 U.S.C. § 158(a), and (b)(1); *see also Schwartz v. Kujawa (In re Kujawa)*, 323 F.3d 628, 629 (8th Cir. 2003).

[2]293 B.R. 764 (B.A.P. 8th Cir. 2003).

[3]*Id.* at 768 *(quoting Goodwin v. United States*, 67 F.3d 149, 151 (8th Cir. 1995)).

2

by Rule 7054 of the Federal Rules of Bankruptcy Procedure provides as follows:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties <u>only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment</u>. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.[4]

The bankruptcy court did not make an express determination that there is no just reason for delay. Its order, therefore, granting Thousand Oaks' motion for partial summary judgment is not a final one, and this appeal must be dismissed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT

---

[4]Fed. R. Civ. P. 54(b) (emphasis added).