# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 07-6023EM

_____

In re:                                              *
                                                    *
Robert Wayne Hicks, Sr.;                            *
Janice Virginia Hicks,                              *
                                                    *
    Debtors.                     *
                                                    *   Appeal from the United States
Robert Wayne Hicks, Sr.;                            *   Bankruptcy Court for the Eastern
Janice Virginia Hicks,                              *   District of Missouri
                                                    *
    Plaintiffs - Appellants,     *
                                                    *
      v.                *
                                                    *
Missouri Department of Revenue,                     *
                                                    *
    Defendant - Appellee,        *
                                                    *
Arizona Department of Revenue;                      *
Internal Revenue Service,                           *
                                                    *
    Defendants.                  *

_____

Submitted: May 21, 2007
Filed: May 31, 2007

_____

Before KRESSEL, Chief Judge, FEDERMAN and MAHONEY, Bankruptcy Judges.

_____

KRESSEL, Chief Judge.

The plaintiffs appeal from an order of the bankruptcy court granting summary judgment to one of the defendants in this pending adversary proceeding. Because we conclude that the notice of appeal was filed both too late and too early, we dismiss the appeal for lack of jurisdiction.

BACKGROUND

The debtors commenced a chapter 7 case in 2006. In January of 2007, they received their discharge and their case was closed. Shortly after it was closed, the debtors applied to the bankruptcy court to reopen the case and on January 29, 2007, the bankruptcy court granted the debtors' application. On February 27, 2007, the debtors commenced this adversary proceeding against the Missouri Department of Revenue, the Arizona Department of Revenue, and the Internal Revenue Service. In their complaint, the plaintiffs made a number of claims regarding the validity of various tax laws, the failure of the three taxing authorities to file claims in their case, and made various claims as to the validity of the various tax debts and liens. The Missouri Department of Revenue filed an answer and a motion for summary judgment.

The bankruptcy court granted summary judgment in favor of the Missouri Department of Revenue. It also directed entry of a judgment in favor of the Department of Revenue which was in fact entered on April 23, 2007, the same day as the court's order. The plaintiffs filed their notice of appeal on May 8, 2007.

JURISDICTION

Our jurisdiction depends on the existence of a final order or judgment and the timely filing of a notice of appeal. We conclude that neither exists here.

THE APPEAL IS LATE

Federal Rule of Bankruptcy Procedure 8002 requires that a notice of appeal be filed within ten days of the date of the entry of the judgment, order, or decree appealed from. The plaintiffs' notice of appeal was filed after the ten day period and thus was late. Since the timely filing of a notice of appeal is a jurisdictional prerequisite, we lack jurisdiction over this appeal. *Hamilton v. Lake Elmo Bank (In re Delta Eng'g Int'l)*, 270 F.3d 584, 586 (8th Cir. 2001); *Farmpro Servs., Inc. v. Brown (In re Brown)*, 273 B.R. 194, 197 (B.A.P. 8th Cir. 2002).

THE APPEAL IS PREMATURE

By operation of Fed. R. Bankr. P. 7054(a), Rule 54(b) of the Federal Rules of Civil Procedure governs the entry of judgments in adversary proceedings. Rule 54(b) is wordy to be sure, but its import is clear. As a general proposition, every adversary proceeding should have exactly one judgment, entered at the conclusion of the proceeding, which should include the court's disposition of every claim, counterclaim, cross claim and third-party claim by or against any and all of the parties.[1]

The rule does contain a proviso for the entry of a judgment at an intermediate stage of the adversary proceeding, but only if the bankruptcy court determines that there is no just reason for delay and upon an express direction for the entry of a judgment. The sole purpose of a Rule 54(b) order is to provide an opportunity to appeal claims affecting some, but not all of the parties or some, but not all of the issues. *Nebraska v. Strong (In re Strong)*, 293 B.R. 764, 768 (B.A.P. 8th Cir. 2003) (citing *Orion Fin. Corp. v. American Foods Group, Inc.*, 201 F.3d

---

[1] Fed. R. Civ. P. 58(a)(1) requires that the judgment be a document separate from the court's various orders, except in the iterated circumstances.

1047, 1049 (8th Cir. 2000)). In its order, the bankruptcy court made no such determination. As a result, entry of judgment was premature.

Rule 54 covers this situation.

> In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b). Thus, notwithstanding the entry of a document denominated a judgment, the bankruptcy court's decision in favor of the Missouri Department of Revenue did not terminate the action as to the Department of Revenue and the bankruptcy court's decision is subject to revision at any time until an actual final judgment is entered. This is the antithesis of a final judgment and we lack jurisdiction over the appeal. *Thousand Acres Dev., LLC v. Kreger (In re Kreger)*, 302 B.R. 375 (B.A.P. 8th Cir. 2003).

Since the order is interlocutory, the appeal is premature. When the bankruptcy court has determined the plaintiffs' claims against all of the other defendants in this adversary proceeding, it will enter a judgment incorporating the relief granted to the various parties, including the relief granted in its April 23, 2007 order. Then, and only then, will the plaintiff or any other party aggrieved by the judgment have the right to appeal.

## CONCLUSION

Because we lack jurisdiction over this appeal, it is dismissed.